# Alabama Construction Co. *v.* Meador.

## *Action of Assumpsit.*

1. *Evidence; secondary evidence, when predicate for admission not sufficient.*—Where, in an action on an account, the plaintiff testified that he received a letter from the defendants and that the letter was left with his attorneys, and no evidence was offered to show that their evidence could not have been procured, the fact that plaintiff made searches in their office and with them and did not find it, did not establish the fact that it was lost or beyond their control, and a sufficient predicate was not laid for the proof of the contents of the letter by parol evidence.

APPEAL from Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

This was an action by the appellee against the appellant upon an account.

The appellee, testifying in his own behalf, stated that, in October, 1901, he received a letter from D. B. Lacy, one of the defendants; that, shortly prior to the bringing of this suit, he had delivered the letter to Canterberry & Gilder, his attorneys at Linden, Alabama; that witness went to their office to search for the letter and, with their assistance, searched in the place where they kept their correspondence and that they were not able to find the letter; that on two different occasions witness and Canterberry & Gilder made search in all the places where the latter kept their correspondence, at one time spending an hour and the second time about two hours, and that the letter could not be found; that witness did not have the letter and had not seen it since it was delivered to Canterberry & Gilder and that he was able to state the contents thereof from memory. Thereupon the plaintiff asked the witness to state the contents of the letter, to which the defendants objected on the ground that sufficient predicate had not been laid for the introduction

[Alabama Construction Co. v. Meador.]

of secondary evidence of its contents, the court overruled the objection, and the defendants excepted, and the witness then stated the contents of the letter.

Under the opinion of the Court, it is not necessary to set out the other rulings of the court to which exceptions were reserved.

There were verdict and judgment for the plaintiff, and the defendants appealed.

BLACKWELL & AGEE, for appellants.—There was not a sufficient predicate for the introduction of secondary evidence of the contents of the letter. The testimony of Canterberry & Gilder, one or both (they being the custodians of the letter), should have been taken.—*Mooney v. Hough*, 80 Ala. 87 ; 1 Greenl. Ev. (16 ed.), 563b and 563e, and 558 ; 1 Rice on Ev., p. 174, § 109 ; *Kearney v. New York*, 92 N. Y. 617 ; *Vandergriff v. Pearcy*, 59 Tex. 372 ; *Dunn v. Choate*, 4 Tex. 454 ; *Ralph v. Brown*, 3 Watts & Serg. 395.

KNOX, ACKER & BLACKMAN, *contra*.—The predicate laid by the plaintiff was sufficient authority for the introduction of secondary evidence of the contents of the letter.—*Mordecai v. Beale*, 8 Port. 535 ; *Lassiter v. Blackwell*, 128 Ala. 143 ; *Sturdevant v. Gains*, 5 Ala. 435 ; *Sledge v. Clopton*, 6 Ala. 589 ; 26 A. & E. Ency. Law (2d ed.), 166.

ANDERSON, J.—While no general rule can be laid down as to the degree of diligence to be used in making search for the original document, in order to lay a predicate for the introduction of secondary evidence of the contents thereof, it depending largely upon the circumstances of the case and the character of the document, yet the loss should invariably be proven by the custodian. "The loss must be proved. if possible, by the person in whose custody it was at the time of the loss, if such person is living, and if dead application should be made to his representative and search made among his documents."—26 Am. & Eng. Ency. Law, 167, and cases cited ; *O'Neal v. McKinnon*, 116 Ala. 606.

In this case the letter was left with Messrs. Canterberry and Gilder and no evidence was offered to show that their evidence could not have been procured. The fact that plaintiff made searches in their office and with them and did not find it, does not establish the fact that it is lost or beyond their control, and a sufficient predicate was not laid for the proof of the contents of the letter by parol evidence. As the trial court erred in admitting the proof as to the contents of this letter, upon which the plaintiff relies to fasten the liability upon the defendants, the other questions assigned are hypothetical and it is unnecessary for us to decide them upon this appeal.

Reversed and remanded.

McCLELLAN, C. J., TYSON and SIMPSON, J. J., concurring.

To be reported.