(112 So. 313)

### RANEY v. RANEY. (8 Div. 932.)

Supreme Court of Alabama. April 7, 1927.

1. Pleading ⚙8(16)—Allegation in general terms that will was result of undue influence of named person held sufficient.

In setting up undue influence as ground of contest, it is sufficient to allege in general terms that will was result of undue influence of named person or persons.

2. Wills ⚙400—Sustaining demurrer to general allegation of undue influence, though error, held harmless, amendment alleging that instrument was not testator's voluntary will imposing no greater burden.

Sustaining demurrer to general allegation of undue influence in will contest, though error, held not prejudicial where amended allegation that instrument was not voluntary will of testator charged undue influence in more definite terms and imposed no greater burden on contestant than original ground.

3. Wills ⚙164(5)—In will contest for undue influence, rejection of evidence showing daughter's activities contributed to making of will held error.

In will contest for undue influence, rejection of evidence tending to show that daughter's activities contributed to making of will held error.

4. Wills ⚙165(5)—Testator's agreement with wife that he should let daughters share equally held admissible to show undue influence of daughter.

In will contest for undue influence of daughter, it was competent to show that testator and wife agreed before her death that he should let daughters share equally and wife's estate should pass without will.

**5. Wills 164(5)—Daughter's dislike for sister and mother held admissible, in contest of father's will for daughter's undue influence.**

In will contest for undue influence of daughter, evidence of such daughter's dislike for sister and mother and that she criticized mother's management to testator *held* admissible.

**6. Wills 324(3)—Truth of evidence as to undue influence over testator held for jury.**

In will contest for undue influence of daughter, truth of evidence on such question was for jury.

**7. Witnesses 374(2)—Proof that contestant's witness had, in letter, charged proponent with being dope fiend held admissible to show bias.**

In will contest, evidence that contestant's witness had, in letter, charged proponent with being dope fiend *held* admissible to show bias, and it was unnecessary to produce or show loss of letter.

**8. Wills 164(3)—Evidence of easy financial condition of married daughters and extra outlays to son held admissible, in will contest, to overcome seemingly unnatural disposition.**

Evidence of easy financial condition of married daughters and extra outlays on behalf of son, who were less favored in will than proponent, *held* properly admitted in contest for undue influence, to overcome any seemingly unnatural disposition.

**9. Wills 332—In will contest for undue influence, charge requiring proponent to be active in preparation or execution of will held erroneous.**

In will contest for undue influence, instruction requiring proponent to be active in preparation or execution of will, such as employing attorney, dictating provisions, or being present when it was executed, *held* erroneous.

**10. Wills 163(4)—Confidential relations, accompanied with activity of favored beneficiary in preparation and execution of will, raise presumption of undue influence.**

As general rule, existence of confidential relations, accompanied with activity of favored beneficiary in preparation and execution of will, raise presumption of undue influence, casting burden of proof on proponent.

**11. Wills 163(4)—Mere relation of parent and child, with activity by latter, does not create presumption of undue influence in parent's will.**

Mere relation of parent and child, with activity on part of child, does not create presumption of undue influence in parent's will, for, while such relation is per se confidential, parent is presumed to be dominant party.

**12. Wills 163(2)—Dominance of parent in making his will is presumed, notwithstanding family association or business connection with child; "confidential relations."**

Though "confidential relations" include multiform positions in life wherein one comes to rely on and trust another in important affairs, and may exist between parent and one child as distinct from other children, dominance of parent in making will is presumed, notwithstanding family association or business connection with child.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Confidential Relation.]

**13. Wills 324(3)—Whether child's will dominated parent's is fact question for jury, in will contest for undue influence.**

Whether parent's will has become dominated by that of child, when age weakens powers of parent and maturity strengthens child, is fact question for jury, in will contest for undue influence.

**14. Wills 163(4)—Where child obtains dominance over parent and has been active in procuring will giving favored position, presumption of undue influence arises.**

Where child has obtained general dominance over parent and has been active in procuring will giving favored position to such child over other children, presumption of undue influence arises.

**15. Wills 164(1)—In will contest for undue influence of daughter, all evidence tending to show daughter's dominance over parent held admissible.**

In will contest for undue influence of daughter, all evidence tending to show altered position between daughter and testator, whereby she obtained dominance over him, *held* admissible.

**16. Wills 163(2)—Where natural position of parent and child continues in ordinary relations, burden is on contestant to show child's dominance in matter of parent's will.**

Where natural position of parent and child continues in all ordinary relations, evidence must be directed to question of undue influence in fact, and burden is on contestant to show child's dominance in matter of parent's will.

**17. Wills 332—In will contest by daughter for undue influence of another daughter, charge requiring that testator must have lost dominion over family held erroneous.**

In will contest for undue influence of daughter, charge requiring that testator must have lost dominion over family *held* erroneous, where contestant was also daughter, since it was sufficient if proponent had become dominant.

**18. Trial 244(2)—Charge minimizing or giving undue prominence to particular evidence held erroneous.**

Charge is subject to criticism which singles out portion of evidence, giving it undue prominence on one hand, or minimizing it on the other.

**19. Wills 324(3)—Where one child is active in procuring will giving him favored position, undue influence is for jury.**

Where one child has been active in procuring will giving him favored position over others, question of undue influence becomes issue for jury.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**20. Wills** ☞159—**In determining existence of undue influence, question is whether instrument expresses real will of testator.**

In determining whether will was induced by undue influence of child, all circumstances should be weighed to ascertain whether instrument expressed real will of testator or was result of moral coercion substituting wish and will of another.

Appeal from Circuit Court, Limestone County; James E. Horton, Judge.

Petition of Eula D. Raney to probate the will of John H. Raney, deceased, with contest by Pearl Raney. From a judgment admitting the will to probate, contestant appeals. Reversed and remanded.

The following charges were given at proponent's request:

"A. Unless the jury are reasonably satisfied from the evidence that, at the time of the execution of the will propounded for probate, the dominion of John H. Raney over his family had ceased or been determined, and that he had become subservient to the will or dominance of his daughter, Eula Raney, the facts, if they be facts, that Eula Raney occupied a confidential relation to him, and was his agent or advisor in business matters, and was active in procuring the preparation or execution of the will propounded by her, or concealed the will or the fact of its execution from other members of the family of John H. Raney, alone, would not shift the burden of proof on her to show that the will was the result of the free will and volition of said John H. Raney.

"D. Unless the jury are reasonably satisfied from the evidence that the proponent, Eula Raney, was active in the preparation or execution of the will propounded for probate, such as employing an attorney to write the will, dictating one or more provisions thereof, or was present when it was prepared and executed, your verdict should sustain the will propounded for probate."

A. J. Harris, of Decatur, and William M. Hundley and R. B. Patton, both of Athens, for appellant.

It is not necessary to allege with particularity the quo modo by which the result was accomplished, but only that it was accomplished by undue influence exerted by named persons. Alexander v. Gibson, 176 Ala. 258, 57 So. 760; Barnett v. Freeman, 197 Ala. 142, 72 So. 395; Letohatchie Church v. Bullock, 133 Ala. 548, 32 So. 58; Cunninghame v. Herring, 195 Ala. 469, 70 So. 148. Impaired mental strength and confidential relations are admissible, in connection with other matters, to show undue influence. Smith v. Smith, 174 Ala. 205, 56 So. 949; Eastis v. Montgomery, 93 Ala. 300, 9 So. 311; Mullen v. Johnson, 157 Ala. 262, 47 So. 584; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am. St. Rep. 904; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459. Proof of prior hostility between proponent and contestant is admissible, to show fraud in the execution of a will and undue influence. Posey v. Donaldson, 189 Ala. 366, 66 So. 662; McQueen v. Wilson, 131 Ala. 606, 31 So. 94; 40 Cyc. 1166. Confidential relations between the testator and the principal beneficiary, coupled with activity on the part of said beneficiary in and about the preparation of the will, or participation in the preparation, employing the draftsman, selecting the witnesses, excluding persons from the presence of the testator, concealing and keeping the will after it was made, and the like will raise a presumption of undue influence. Bancroft v. Otis, supra; Gilbert v. Gilbert, 22 Ala. 533, 58 Am. Dec. 268; Burney v. Torrey, 100 Ala. 157, 14 So. 685, 46 Am. St. Rep. 33; Councill v. Mayhew, 172 Ala. 295, 55 So. 314. Declarations of the testator that he had intended to dispose of his property in a certain way are admissible on the issue of undue influence. Posey v. Donaldson, supra; 40 Cyc. 1166.

J. G. Rankin, of Athens, for appellee.

To defeat a will on account of undue influence, it must be shown that some person or persons dominated and controlled the testator, and the burden is on the contestant to show that fact. Little v. Little, 209 Ala. 651, 96 So. 928; Bulger v. Ross, 98 Ala. 267, 12 So. 803. Sustaining the demurrer to specification 5, if error, was without injury. Warren v. Crow, 202 Ala. 680, 81 So. 636. There is no presumption of dominance of children who have benefited by the will of their parent, and the burden is upon the contestant to prove domination in fact. Nor is proof of activity in securing the preparation of a will sufficient to shift the burden of proof. Keeble v. Underwood, 193 Ala. 592, 69 So. 473. Evidence of the financial condition of the natural objects of a testator's bounty, and of their husbands and wives, and of advancements made to certain beneficiaries, is admissible on the contest of a will. Gaither v. Phillips, 199 Ala. 689, 75 So. 295.

BOULDIN, J. This is a will contest, begun in the probate court and transferred to the circuit court, under section 10636 of the Code.

The case went to the jury upon the sole question of undue influence in the procurement of the will.

[1] In setting up undue influence as a ground of contest, it is sufficient to allege in general terms that the will was the result of undue influence of a named person or persons. Cox v. Parker, 212 Ala. 35, 101 So. 657; Grubbs v. Hawkins, 208 Ala. 349, 94 So. 484; Johnson v. Johnson, 206 Ala. 523, 91 So. 260; Strickland v. Strickland, 206 Ala. 452, 90 So. 345; Cunninghame v. Herring, 195 Ala. 469, 70 So. 148.

---

[2] The court erred in sustaining demurrer to ground of contest No. 5. Amended ground No. 5, however, merely added that the instrument was not the voluntary will of the testator, but the will and desire of the named beneficiary. This did not define the quo modo and limit proof thereto, but merely charged undue influence in more definite terms. It imposed no greater burden on the contestant than the original ground. No injury therefore resulted to contestant from the ruling on demurrer.

The testator was about 80 years of age at the time the will was executed. The proponent is a daughter, a beneficiary in the will, alleged to be a favored one, and named as executrix therein. The contestant is another daughter of the testator, charging undue influence on the part of proponent.

The testimony of Wm. M. Hundley, a witness to the will, tended to show activity on the part of the proponent in the procurement of the will; that she had importuned her father to that end; that when the testator called upon witness to draw the will, he said to witness:

"Eula (proponent) tells me that if I will give her my home place she can get along, and here I have brought you some notes from which you can prepare my will."

—handing witness some sheets of paper in a feminine handwriting. After showing loss of the notes, witness was asked if the will was written in accordance with the instructions in these notes. The will already in evidence showed a devise to proponent of the family residence, with household and kitchen furniture, including piano, china, glassware, plate, pictures, books, etc.

[3] The evidence tended to support an inference that the proponent had written the notes. If so, it was a circumstance tending to show further activity in procurement of the will, as well as her father's readiness to accede to her wishes. The proposed evidence tended to show her activities contributed to the making of the will that was made, one of the elements entering into the issue of undue influence. There was error in rejecting this evidence.

The testator and two unmarried daughters, Eula and Pearl, proponent and contestant, constituted the family and occupied together the family residence at the time the will was executed. There were two married sisters and a brother, all mentioned in the will. All were mature people in middle life or beyond. Eula was the oldest.

[4] Evidence for the contestant tended to show a former will had been made, wherein the two unmarried daughters were to share the family residence; that Eula had long announced a purpose to have this will changed and had been making efforts to that end; that their mother ran the household affairs until her death; that Eula then assumed

216 ALA.—3

control of the household affairs and became the personal attendant of her father and assisted in his business; that the present will was executed about six months after the mother's death. In view of this evidence, it was competent to show that shortly before the mother's death the father and mother agreed together that he should let the girls share equally and her estate should pass without a will. It goes to the point of a change of the testator's mind after the passing of his companion, and proponent came into a closer confidential relation. The question propounded to proponent on this line on cross-examination should have been allowed.

[5] There was evidence of ill will on the part of the proponent toward her sister, Pearl. Under all the evidence, it became competent to show this dislike extended to her mother; that she criticized her mother's management to her father, all as shedding some light on the question of a fixed purpose to manipulate the making of a new will in her favor.

Proponent denies all the alleged activity in the procurement of the will; offers evidence to the effect that her father was a man of strong and stubborn will, unimpaired to the date this will was made, and that he considered the provision made for the two daughters best suited to their respective needs.

Contestant offers some evidence of the weakening process of old age on his mental and physical powers, his increasing dependence, concealment of the will by proponent, and vigilance in keeping a position of ascendancy as between the other children and the testator.

[6] The truth of any and all this evidence was, of course, a question for the jury. These recitals are to indicate no opinion on our part upon the issues of fact, but to make application of the rules of law represented on this appeal.

[7] To show bias of contestant's witness, Alice Raney, there was no error in showing she had, in a letter, charged proponent with being a dope fiend. The matter was merely collateral, and there was no need to produce or show the loss of the letter.

[8] The easy financial condition of the married sisters, and extra outlays on behalf of the brother, all less favored in the will, were properly allowed in evidence as tending to overcome any seemingly unnatural disposition by will. Gaither v. Phillips, 199 Ala. 689, 75 So. 295; Eastis v. Montgomery, 95 Ala. 486, 11 So. 204, 36 Am. St. Rep. 227.

[9] Charge D, given for proponent, was erroneous. It limits the activity of the proponent to the time the will was made, ignores all evidence of undue influence theretofore, and directs a verdict for the proponent in the absence of activity in the preparation or execution of the will.

Manifestly, if proponent had acquired a

dominance over the will of the testator and used it to bring about the execution of a will at variance with his voluntary purpose, it would not be necessary for her to employ the attorney to draft the will, dictate its terms at the time, or be present at its execution. There is no evidence of competent disinterested advice given to the testator at the time.

[10] As a general rule, confidential relations, accompanied with activity of a favored beneficiary in the preparation and execution of a will, raise a presumption of undue influence and casts the burden of proof on the proponent. Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am. St. Rep. 904; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459.

[11] The relation of parent and child is per se confidential, but another presumption enters into the equation when the gift is from the parent to the child. In the family relation the parent is by nature the dominant party, and this position is presumed to persist until conditions are so altered that the child, in fact, acquires a dominant position over the parent. It is now well settled in our jurisprudence that the mere relation of parent and child, with activity on the part of the child, does not create the presumption of undue influence. Little v. Little, 209 Ala. 651, 96 So. 928; Keeble v. Underwood, 193 Ala. 582, 69 So. 473.; Jones v. Brooks, 184 Ala. 115, 63 So. 978; Hawthorne v. Jenkins, 182 Ala. 255, 62 So. 505, Ann. Cas. 1915D, 707; Dowe v. Farley, 206 Ala. 421, 90 So. 291; Gibbons v. Gibbons, 205 Ala. 636, 88 So. 833; Park v. Whitfield, 210 Ala. 19, 97 So. 68. This rule is specially apt in cases where both proponent and contestant are children of the testator. The natural relation inures to the equal protection of both.

[12] But confidential relations, in the broad sense, include those multiform positions in life wherein one comes to rely upon and trust another in his important affairs. This relation may, in the course of life, come to exist between a parent and one child as distinct from that of the other children. When the son or daughter has reached the prime of life, close business relations, constant companionship, mutual dependence, and other causes may contribute to establish this cumulative relation of trust and confidence. But the natural dominance of the will of the parent over the child, all things continuing in the natural order, will persist in their personal relations. So, we think it may be said that, ordinarily, the dominance of the will of the parent in will cases will be presumed to continue despite family association or business connection. But when old age weakens the physical and mental powers of the one, and full maturity brings strength to the other, when the parent comes to lean upon the child for counsel, leadership, the conduct of his affairs, the making of a home,

it may come to pass, and the law so recognizes, that the natural order may be reversed and the will of the parent pass under the dominant will of the child.

[13-15] The law does not and cannot define the unnumbered conditions that may bring this about. It is an issue of fact for the jury upon evidence giving rise to a just inference. When it does appear that the child has obtained a general dominance over the parent, and has been active in procuring a will giving a favored position over the other children, the presumption of undue influence arises. The burden is then cast upon proponent. All evidence is admissible which tends to show this altered position of the parties in general, or as relates to the making of the will in particular.

[16] The natural position of parent and child may continue in all ordinary relations and the dominating will of the child be exercised specially toward the procurement of a will in his interest. In such case, there is no need to inquire into the question of dominance of the child over the parent as a separate issue going to the burden of proof; the evidence goes to the direct question of undue influence in fact, the burden being upon contestant. 2 Pom. Eq. Jur. § 962.

[17, 18] Charge A, given for the proponent, is misleading. It first requires that the testator must have lost dominion over his family. This would include his daughter Pearl, the contestant. Sufficient, if Eula had become dominant. The facts hypothesized; viz., confidential agent or advisor in business, activity in procuring the will, concealment of same from the family, are evidential matters going to the question of actual dominance resulting in the procurement of the will by undue influence. The charge does not hypothesize all the facts according to contestant's evidence, such as displacement of a former will, withholding this will from her father when he wanted to make a change in it, etc. A charge is subject to criticism which singles out a portion of the evidence giving it undue prominence on the one hand, or minimizing it on the other. This charge should not be given on another trial.

[19, 20] Wherever it appears one child has been active in procuring a will giving him or her a favored position over others, the question of undue influence becomes an issue for the jury. All the circumstances are to be weighed to ascertain whether the instrument expresses the real will of the testator, or is the result of undue influence, the moral coercion which has substituted the wish and will of another.

The rules of law aim to secure to the testator the right to freely dispose of his own property by will, selecting the objects of his bounty and favoring them as his choice may determine. It indulges no indiscriminate suspicion against those benefited thereby, but, at the same time, it aims to protect the tes-

tator, as well as the natural objects of his bounty, from all artifice or control which would make a disposition of property neither expressive of the will of the testator nor of the law of descents, but a reward for wrong doing.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.