18 So.2d 278

## MINDLER v. CROCKER.

### 6 Div. 225.

Supreme Court of Alabama.
May 25, 1944.

Barber & Barber, of Birmingham, for appellant.

580

Chester Austin, of Birmingham, for appellee.

FOSTER, Justice.

There was a successful contest of the probation of a will. The proponent appeals.

There were six grounds of the contest, which we will designate pleas, as was done in Coghill v. Kennedy, 119 Ala. 641(3), 24 So. 459. The first two raise the question of insanity, the next two of undue influence, and the last two of the proper execution of the will. There was a motion to strike each plea. The court struck the first, and overruled the motion as to the others. Proponent then demurred on the same grounds, and it was overruled.

■ A plea which is not prolix, irrelevant or frivolous cannot properly be disposed of by a motion to strike, but if it is defective in the matter of substance, the question should be raised by demurrer. Brooks v. Continental Ins. Co., 125 Ala. 615, 29 So. 13; Bennett v. Bennett, 224 Ala. 335, 336, 140 So. 378. We will therefore only consider the demurrer to the contest raising defects thought to be of substance.

The second plea did not clearly state that the alleged insanity was as of the date of the execution of the will, and the demurrer to it might have been properly sustained. Wear v. Wear, 200 Ala. 345, 76 So. 111(1). But it was treated on the trial as of that date, and such is its implication so that we think there was no injury in overruling the demurrer. Plea No. 3 attempts to allege undue influence, but does not in proper terms. It is in substance that the "instrument is the product and result and influence exercised by John W. Mindler." This was probably meant to say that it was the product and result of undue influence exercised by him, but it did not so allege. Plea No. 4 alleges that testatrix was unduly influenced against contestant (husband of testatrix) at the time of the execution of the will, but does not allege by whom she was so influenced, nor that the will was the product of such influence.

The grounds of demurrer include the contention that it does not allege that the influence of John W. Mindler was not a proper influence; also that only general statements are made in the pleas.

■ This Court has gone a long way to simplify pleading, and has held that a plea is sufficient as one of undue influence, if it simply alleges that the instrument propounded was the result of undue influence exercised by a named person upon the testatrix. The essentials are that the influence produced the execution of the will, and that it was undue and exercised by a named person. Daggett v. Boomer, 210 Ala. 673, 99

So. 181; Ross v. Washington, 233 Ala. 292, 171 So. 893; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459; Wear v. Wear, 200 Ala. 345, 76 So. 111 (2); Powe v. Payne, 208 Ala. 527, 94 So. 587; Borton v. Borton, 225 Ala. 457, 143 So. 468; East v. Karter, 218 Ala. 366, 118 So. 547.

The first plea was free from objection, Wear v. Wear, supra; Wainwright v. Wainwright, 223 Ala. 522, 137 So. 413, and that was stricken out on motion of proponent. The issue should be made up under the direction of the court on proper pleas specified in the contest as directed in section 52, Title 61, Code of 1940. The only two pleas which went to the jury and which were not objectionable were numbers 5 and 6, denying the execution of the will, and there was no contention on the trial that the evidence was insufficient as to the legal formality in the execution of the will. None of the pleas of undue influence or mental unsoundness that were submitted to the jury properly tendered matter on which proponent should have been required to take issue.

But the question at this point is whether the judgment overruling the demurrer to pleas 3 and 4 was prejudicial error.

■■■■ We have also gone a long way toward holding that errors in rulings on pleadings may often be cured by the incidents of the trial. See 2 Alabama Digest, Appeal and Error ☞ 1040 (13). Parties to a cause are entitled to know in advance of trial what issues are to be met. But if those issues are stated so as to apprise them of their true nature and substance, and the trial is had as though they were completely stated, and no objection is made on the trial as to the relevancy and effect of the evidence in that respect, and in the charge of the court they are correctly stated to the jury who are clearly informed as to those issues as though the pleading was sufficient; and no surprise is claimed on the trial or injustice done on account of the insufficiency of the pleading, Rule 45, Supreme Court Practice, Code 1940, Tit. 7, Appendix, prevents a reversal. And such was the principle of pleading in will contests before and without Rule 45, supra; Miller v. Whittington, 202 Ala. 406(3), 80 So. 499; Barker v. Bell, 49 Ala. 284.

■■■ We do not find any prejudice to appellant. The doctrine of unsoundness of mind was made by the court clearly to refer to the time of executing the will (plea

2). The influence of John W. Mindler as alleged in plea 3 was limited to that which was undue as correctly defined by the trial judge. And the undue influence against contestant in plea 4, as said in the oral charge, must have been the producing cause of the execution of the will and exerted by John W. Mindler. So that the omissions in the pleading were supplied, and it is not contended that the issues as thus explained were not proper issues on such a trial.

■■■ Appellant invokes the rule to justify his requested affirmative charge that when there is no demurrer to a plea or replication, which is immaterial, and issue is taken on it, and it is proven, a verdict and judgment for the pleader should follow. Turner v. Williams, 235 Ala. 502, 180 So. 95; Fraternal Aid Union v. Monfee, 230 Ala. 202, 160 So. 529. This upon the theory that defendant took issue on the seventh paragraph of what plaintiff denominated his answer to the pleas of defendant, without demurring to it.

But we think that the issue to be made up under the direction of the court as provided in section 52, Title 61, Code of 1940 does not contemplate formal replications and subsequent pleadings as on a common-law trial, except by permission of the court, as found appropriate. Miller v. Whittington, supra (1). The proponent is there called plaintiff and contestant is the defendant. But there is no field for the operation of the prolonged process of common-law pleading. Barker v. Bell, 49 Ala. 284. Plaintiff calls the instrument an answer, in numbered paragraphs all being the general issue in substance, except paragraph 7, which alleged matter wholly inappropriate as a replication or as the tender of a special issue, and it was ignored on the trial without prejudice to appellant.

A reversal for refusing the affirmative charge on that contention cannot be supported.

■■■ Appellant also claims that his request for the affirmative charge as to undue influence (assignment No. 20, plaintiff's refused charge No. 7) should have been given, for that there is no evidence of undue influence, nor evidence of facts which cast on plaintiff any burden to dispel a presumption to that effect. In this contention we concur.

Plaintiff was the only child of testatrix, and that by a former husband. She and defendant, her second husband, were es-

582

tranged. She was living with her mother and refused to have any communication with defendant for a year or more before the will was executed. She had been married to him a long time (twenty-three years), and by their joint effort had acquired substantial real estate holding,— some fifteen dwelling tenant houses. He first put the title in his name alone. When she discovered it, she had it corrected, but apparently became suspicious of him. She was a business woman until she lost her health some months before she died. She conducted a suburban store in their dwelling while he did a trucking and hauling business. She looked after renting and collecting the rent on the property, and was self-sufficient and independent.

There was evidence of mental unsoundness not now being considered. But it was such as to make it a jury question.

■ The rule in this State as to a presumption of undue influence and the burden of proof is settled to be that "confidential relations, accompanied with activity of a favored beneficiary in the preparation and execution of a will, raise a presumption of undue influence and cast the burden of proof on the proponent." Raney v. Raney, 216 Ala. 30, 112 So. 313, 316; Jones v. Brooks, 184 Ala. 115, 63 So. 978; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am. St.Rep. 904; Zeigler v. Coffin, 219 Ala. 586, 123 So. 22, 63 A.L.R. 942.

All of those essentials need consideration in view of the evidence. First the meaning of activity in the preparation of the will; then the meaning of a favored beneficiary, also the matter of confidential relations as here applied.

Activity must be more than conduct referable solely to a compliance with or obedience to the free and voluntary instructions or directions of testatrix. Zeigler v. Coffin, supra; Sikes v. King, 224 Ala. 623, 141 So. 555; Ritchey v. Jones, 210 Ala. 204, 97 So. 736; Jones v. Brooks, supra. Those cases could be supplemented by many others.

■ It is also important to consider the question of what is a "favored beneficiary" as the term is used in this connection. It is said in Cook v. Morton, 241 Ala. 188, 1 So.2d 890, 892, to be "one who, in the circumstances of the particular case, has been favored over others having equal claim to the testator's bounty. An unnatural discrimination, leading to a natural inference.

that advantage has been taken by one in position so to do; and shown to have been busy in getting such will executed." It is there further said: "That a wife has received more under the will than under the dower and homestead laws, and the laws of distribution in case of intestacy, is not the test. These laws deal with estates not disposed of by will, and proceed on the hypothesis, that the decedent will make a will, if such laws do not dispose of his estate as he desires."

■ Our statutes deny to the husband the right to make a will giving the wife less estate than she would take without a will (with recent limitations—section 18, Title 61, Code of 1940), but they do not deny to the wife the right to make a will by which her husband is not given any interest whatsoever. Section 78, Title 34, Code of 1940; section 209, Constitution of 1901; Gray v. Weatherford, 227 Ala. 324, 149 So. 819; Williams v. Massie, 212 Ala. 389, 102 So. 611.

■ We do not think it is an unnatural discrimination against her husband in this case whether estranged or not where he and she jointly own their property; and she has only one child, a mature son, by a former marriage, and the husband is able to take care of himself with the use of his own half interest in the property, and no one else to care for, for her to desire that her half interest descend to her son free from the life estate of her husband granted by law. Section 12, Title 16, Code of 1940. In so bequeathing her half interest she does not make him under those circumstances a favored beneficiary with the burden of disproving undue influence. That does not include the influence of natural affection and justice for her only son and her desire to put him on an equality with her husband as to their property.

It would not be sufficient thus to cast the burden of proof for the testatrix to advise with her only child, a son of mature years, and discuss with him the terms of her will, when the son does not seem to act in a deceitful or sinister manner or use undue methods to change her ideas. Kilgore v. Atkinson 227 Ala. 310, 147 So. 808; Cook v. Morton, 241 Ala. 188, 1 So.2d 890. But even that is not shown by the evidence.

Her son was married and lived apart from his mother and did not attend to her business, and there is no evidence that she consulted him to any extent about her business or relied upon him. She attended to

her own business until she became so ill she left her home and business about a year (1942) before the execution of the will (July 1943) and went to live with her mother. It was thereafter attended to by her husband, the defendant. Very soon she became bed-ridden with cirrhosis of the liver and remained so until she died in September 1943. She first executed a will in May 1943, prepared by attorney Dan Barber. John Mindler went to see him at her request and employed him for her. Later she found it showed a date of 1942, and sent her son John W. Mindler to see the same attorney and he drew it again in the same terms, and Mindler carried it to his mother. She had the first one under her mattress and there put the second, unsigned. Some days later Mr. Arlie Barber went out to see her about a divorce proceeding she had pending against her husband. While he was there she discussed the will matter (Dan Barber had gone into the Army), and she got out both instruments and discussed her business matters and the will with Arlie Barber, and he advised her to sign the new will on account of the error in the date of the older one. Mindler made no comment, which need be related, but was present. Mr. Barber burned the old will and sent for the witnesses, and the new will, now proposed for probate, was then executed. Arlie Barber read it to her and explained it when she signed it, and her son did not have any part in it. There was no dispute as to any of that testimony.

There is nothing in the evidence which has the slightest tendency to show John W. Mindler or any other person exercised any influence whatever over the testatrix in the matter of executing the will, much less undue influence. In making him her sole beneficiary, it was not an unnatural discrimination leading to a natural inference that advantage had been taken by one in position to do so. Cook v. Morton, supra. He did not engage in any activity in getting the will written except as requested by testatrix. Zeigler v. Coffin, supra, and other cases cited above. He did not engage in any activity in getting the will signed, and manifested no interest at the time. He was not in any sense the dominant person in his relations with his mother. Hale v. Cox, 222 Ala. 136, 131 So. 233 (16); Raney v. Raney, supra, 216 Ala. 30. 112 So. 313 (11); Dees v. Metts, ante, p. 370, 17 So. 2d 137.

The affirmative charge on the undue influence plea was due to be given for plaintiff. Cook v. Morton, supra, 241 Ala. 188, 1 So.2d 890 (13). There was also reversible error in refusing to plaintiff the right to open and close the argument (assignment of error No. 111). McCutchen v. Loggins, 109 Ala. 457, 19 So. 810; Mathews v. Forniss, 91 Ala. 157, 8 So. 661; 68 Corpus Juris 1060, § 878. We need not discuss other questions raised.

Reversed and remanded.

GARDNER, C. J., and THOMAS, BROWN, LIVINGSTON, and STAKELY, JJ., concur.