176 So.2d 490

**Mary S. BRUNSON**

v.

**L. B. BRUNSON et al.**

**4 Div. 162.**

Supreme Court of Alabama.

June 17, 1965.

132

E. C. Boswell, Geneva, H. E. Lane, Enterprise, and J. Hubert Farmer, Dothan, for appellant.

A. A. Smith, Hartford, and Jas. W. Kelly, Geneva, for appellees.

COLEMAN, Justice.

Proponent appeals from an adverse judgment in a will contest. Proponent filed in probate court her petition to probate a certain writing as the will of her deceased husband. They had no children. A brother and three sisters of the husband are contestants. On demand of contestants, the cause was transferred to the circuit court and tried before a jury. Verdict was for contestants.

By the writing offered for probate, dated 1957, testator devised all his property to proponent. Contestants contend that the 1957 will was revoked by a later will executed in 1961.

The grounds of contest submitted to the jury presented three issues: (1) undue influence, (2) execution of will was not according to law, and (3) the instrument offered for probate had been revoked prior to testator's death.

Apparently no objection was interposed to test the sufficiency of the pleading of the grounds of contest. As to ground III, see Daggett v. Boomer, 210 Ala. 673, 676, 99 So. 181; Mindler v. Crocker, 245 Ala. 578, 580, 18 So.2d 278.

### Assignment 11.

Proponent argues that the court erred in overruling her motion to exclude all the evidence offered by contestants and to direct the jury to find the verdict for proponent.

In civil cases, such a motion by defendant has been condemned; the trial court will not be reversed for refusing such a motion; and, therefore, defendant can

take nothing by such assignment of error. Snow v. Allen, 227 Ala. 615, 619, 151 So. 468.

Here the motion is made by plaintiff. No authority is cited to show why a different rule should apply when such motion is made by plaintiff and no reason is advanced why a different rule should apply to plaintiff. We hold that proponent can take nothing by assignment 11.

### Assignment 12.

Proponent asserts that the court erred in refusing her requested charge as follows:

"2. The Court charges the jury that if you believe the evidence in this case you should not find for the contestants, on the issue of undue influence."

Proponent seeks to probate a writing dated August 17, 1957. The writing bears the names of W. S. Huey and R. E. Maddox as attesting witnesses. Testator, J. S. Brunson, died August 19, 1962.

R. E. Maddox testified that he saw testator on August 17, 1957, in the office of W. S. Huey, who was a lawyer; that testator and Huey were in the office, and no other person was present when Maddox went in. He testified further:

"Q. Will you tell the Court and jury what took place after you went in that office?

"A. Well, when I went in the office Mr. Huey and Mr. Brunson were in there; I spoke to them and they spoke to me. Mr. Huey sitting at a typewriter and Mr. Brunson was standing right behind him, and after the greetings, Mr. Brunson said to me: 'I am having a will made, it is something I have been wanting to get done and at last I am getting to it.' Mr. Huey spoke up then and said: 'I am just getting through with it,' and said: 'You are just in time to witness it.'

"Q. Was any other statement made by Mr. Brunson at that time that you recall?

"A. Yes, he said: 'It is a job I have been wanting to get done,' said: 'I am leaving everything I have to Mary.'

"Q. Did you remain there until Mr. Huey completed what he was writing?

"A. Yes, he completed it about that time and took it out of the typewriter.

"Q. Mr. Maddox, I will ask you to examine this document I hand you and state whether or not that is the document that was had there at that time?

"A. Yes, sir, that is it.

"Q. Did Mr. Brunson sign that document in your presence?

"A. He did.

"Q. And did Mr. Huey sign it in your presence?

"A. Yes.

"Q. Did you sign it in the presence of Mr. Brunson and Mr. Huey?

"A. Yes.

"Q. You all signed it in the presence of each other?

"A. Yes.

"Q. And that was on the 17th day of August, 1957?

"A. The date shown on there, yes, sir.

"Q. Mr. Maddox, do you know whether Mr. W. S. Huey is now living or dead?

"A. He is dead.

"Q. Do you know Mr. Huey's signature aside from seeing him sign this document; do you know his signature?

"A. Yes.

"Q. Will you examine this document again and state whether or not that is to your knowledge, his signature?

"A. Yes, I would say that is his signature."

Maddox and Huey were brothers-in-law. Proponent was Huey's sister-in-law. After will was executed, Maddox left the office first. He did not know how long testator stayed at Huey's office.

Mrs. W. S. Huey testified that she was familiar with her husband's handwriting and that the signature on the writing offered for probate is the signature of her husband, W. S. Huey, who had been dead about two and a half years. Mrs. Huey testified also that she was familiar with testator's signature; that his signature was on the paper offered for probate; that testator was her brother-in-law; and that proponent is her sister.

Mrs. Huey testified that she had received a subpoena duces tecum to bring certain papers to court and that she had answered the subpoena by saying that she did not have any of the papers listed; that on the night testator died, proponent had some papers in the car; that testator had no children; that testator and proponent were married eleven years.

The proponent testified that testator, two days before he died, told proponent to go home and get those papers and take them with her everywhere she went because "he did not want them to get them"; that she got the papers out of a chest in the house; and that the will offered for probate was among the papers.

As we understand the record, the foregoing is substantially all the testimony relating to the execution of the will and the issue of undue influence.

On the issue of undue influence over a testator, this court has said that confidential relations and activity in the execution of the will by a favored beneficiary therein are stressed. This raises a prima facie presumption of undue influence, casting on proponent the burden of proof on this issue. Who is a favored beneficiary within this principle? One who, in the circumstances of the particular case, has been favored over others having equal claim to the testator's bounty. That a wife has received more under the will than under the dower, homestead, and distribution laws in case of intestacy is not the test. Undue influence involves moral coercion, the will of the wife dominating the husband and destroying his free agency in that respect. Cook v. Morton, 241 Ala. 188, 192, 1 So.2d 890.

The rule in this state as to a presumption of undue influence and the burden of proof is settled to be that confidential relations, accompanied with activity of a favored beneficiary in the preparation and execution of a will, raise a presumption of undue influence and cast the burden of proof on proponent. Activity must be more than conduct referable solely to a compliance with or obedience to the free and voluntary instructions or directions of testator. Mindler v. Crocker, 245 Ala. 578, 582, 18 So.2d 278.

On the issue of undue influence, we have repeatedly held that the burden is on contestants, in order to raise a presumption of undue influence, to prove a dominant, confidential relationship and undue activity in the execution of a will by or for a favored beneficiary. Hyde v. Norris, 250 Ala. 518, 519, 35 So.2d 181; Lackey v. Lackey, 262 Ala. 45, 49, 76 So.2d 761.

Contestants appear to argue that proponent's Charge 2 is improper in form for failure to refer to the proponent by name. In Moore v. Heineke, 119 Ala. 627, 631, 24 So. 374, 376, proponent requested charge 31, which recites:

"(31) That there is no evidence to sustain the charges of undue influence, and that if the jury believe the evidence, they must find a verdict in favor of the proponent upon the allegations of undue influence."

On appeal by proponent, this court said:

". . . . There is also an entire want of evidence to show that any undue influence was exercised upon the mind of the testatrix. For these rea-

**136**

sons, charges numbered 1, 7, 8, and 31, requested by the proponent, should have been given." (119 Ala. 638, 639, 24 So. 379)

Charge 31 in Heineke is substantially the same as Charge 2 in the case at bar and we are of opinion that Charge 2 is not improper in form.

■ Contestants argue that a jury question on the issue of undue influence was presented because the evidence shows that testator and proponent were husband and wife and were also cousins, that the will was prepared by proponent's brother-in-law, that brother-in-law was also the brother-in-law of the other attesting witness, and that proponent had testator's papers immediately after his death but denies knowledge of the will allegedly executed by testator in 1961. Contestants say that these facts "AFFORDED A REASONABLE INFERENCE OF A DOMINATING CONFIDENTIAL RELATIONSHIP BENEFICIAL TO THE FAVORITE AND ONLY BENEFICIARY THEREUNDER, BEING MARY S. BRUNSON, AND THE TESTIMONY AS A WHOLE IN THIS CASE, AFFORDED A JURY QUESTION RELATING TO THE ISSUE OF UNDUE INFLUENCE . . . ."

There is no evidence that proponent had any connection with or knowledge of the execution of the will. There is no evidence that the draftsman, or the other attesting witness, or any one else, exercised any influence whatever over the mind or will of testator in the procurement or drafting of the will.

"But we need not here do more than repeat the oft-stated rule that the evidence, direct or circumstantial, must go further and afford ground for reasonable inference, not mere suspicion, that the favored beneficiary has been active in the procurement of the will. . . . ." East v. Karter, 218 Ala. 366, 367, 369, 118 So. 547, 549.

■ Because there is nothing in the evidence which has the slightest tendency to show that proponent, or any other person, exercised any influence whatever over the testator in the matter of executing the will, much less undue influence, proponent was entitled to have Charge 2 given and its refusal was error to reverse. Mindler v. Crocker, supra.

*Assignment 15.*

■ Proponent contends that the court erred in refusing her requested charge which recites:

"10. The Court charges the jury that if you believe the evidence in this case you should not find for the contestants on the specification of ground of contest (IV) that said instrument, dated August 17, 1957, which is offered for Probate, was not duly executed according to law."

Ground IV of contest recites:

"IV

"That said instrument, dated August 17, 1957, which is offered for probate, was not duly executed according to law."

No authority is cited to support the giving of Charge 10. We incline to the view that the charge was refused without error because it is misleading.

*Assignment 13.*

■ We are of opinion that proponent's Charge 3 was also refused without error because it is misleading and omits, among other things, any reference to the requirement that the attesting witnesses subscribe in presence of testator.

Charge 3 recites:

"3. The Court charges the jury that if you believe the evidence in the case you should not find for the contestants, on the issue of due and legal execution

of the will by J. S. Brunson in the presence of two attesting witnesses whose names are signed to the will as such attesting witnesses."

### Assignment 19.

Proponent says that the court erred in admitting into evidence a paper which contestants claim is a carbon copy of a later will executed by testator on December 30, 1961. Proponent argues that admission of the copy over her objection was error because contestants had not laid a proper predicate to authorize the admission of secondary evidence of the contents of the 1961 will.

As we understand the evidence, it shows that the original of the 1961 will was last seen in the possession of testator on the day he is alleged to have signed it. We do not understand that contestants insist that the evidence shows that any search for the 1961 will has been made.

Contestants say that the admission of the copy of the 1961 will can be sustained on three theories, "THE FIRST THEORY BEING AS HEREINABOVE SET FORTH AND CITED IN THE CASE OF LOVELL VS. LOVELL, SUPRA."

Contestants set forth in brief a quotation from Lovell v. Lovell, 270 Ala. 720, 722, 121 So.2d 901, 902, which is itself a quotation from Jaques v. Horton, 76 Ala. 238. In the Lovell case, the opinion recites: " . . . . a search was instituted for his will. It was not in the safe, nor in a box of papers to which only he and his wife had the keys and which was kept in the bank at Springville, nor in their safety deposit box in a bank in Birmingham. . . . . " There is no testimony showing that such a search was made in the instant case. We do not think Lovell is authority that secondary evidence of the contents of a writing may be admitted without showing that a sufficient search has been made for the original writing.

In Jaques v. Horton, supra, this court reversed for error in allowing a witness, for the purpose of refreshing his memory, to inspect a paper purporting to be a copy, but which was not known or recognized by the witness, nor verified as a true copy of the original.

We are of opinion that neither Lovell nor Jaques justify admission of secondary evidence without accounting for absence of original writing.

Contestants say the second theory justifying admission of the copy is under the authority of § 487, Title 7, Code 1940, as amended, as to which this Court has held that upon notice to produce being given according to the purview of said section, and the document not being produced, then, in that event, secondary evidence can be introduced.

In Woodmen of the World v. Maynor, 206 Ala. 176, 179, 89 So. 750, this court held that after demand of defendant for the original papers, and they were not all produced, it was proper to allow parol evidence as to contents of originals not produced in court; citing § 4058, Code 1907; now § 487, Title 7. See Sovereign Camp, W. O. W. v. Ward, 196 Ala. 327, 71 So. 404.

The instant record contains a motion by attorney for contestants, whereby proponent is moved to produce, inter alia, all papers of a testamentary nature signed by testator. For answer, proponent says the will of testator dated August 17, 1957, was filed in the office of the Judge of Probate and that no other instrument of a testamentary nature, signed by testator, is in proponent's "possession, custody, control or power."

Proponent testified that the only will of testator of which proponent knows is the one she filed for probate and that she did not have knowledge of any other will testator had made.

There is no evidence that proponent ever had possession, custody, or control of or power over the writing dated December 30, 1961, which contestants contend testator executed on that day.

**138**

With reference to § 487, Title 7, Code 1940, this Court has noted with approval that the conditions named as precedent to the exercise by the Court of the power and authority there conferred are " . . . . fourth, that such opposite party has the possession, custody, or control of, or power over such books, etc." Ex parte Rowell, 248 Ala. 80, 83, 26 So.2d 554, 557.

Because the fourth condition has not been met, we do not think contestants laid proper predicate for introduction of the alleged copy of the 1961 will under § 487, Title 7.

We do not understand the substance of contestant's third theory.

"While no general rule can be laid down as to the degree of diligence to be used in making search for the original document, in order to lay a predicate for the introduction of secondary evidence of the contents thereof, it depending largely upon the circumstances of the case and the character of the document, yet the loss should invariably be proven by the custodian. 'The loss must be proved, if possible, by the person in whose custody it was at the time of the loss, if such person is living, and, if dead, application should be made to his representative and search made among his documents.' 26 Am. & Eng. Enc. Law, 167, and cases cited; O'Neal v. McKinnon, 116 Ala. 606, 22 South. 905." Alabama Construction Co. v. Meador, 143 Ala. 336, 337, 39 So. 216, 217.

See: Abingdon Mills v. Grogan, 167 Ala. 146, 52 So. 596, and authorities there cited.

Other errors noted will doubtless not occur on another trial.

For error in refusing proponent's Charge 2 and in admitting copy of 1961 will, the judgment is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.