Appeal by the defendant from a judgment for the plaintiff in an action to recover the proceeds of a joint savings account. We affirm.
The issue tried below concerned the ownership of money deposited in a savings account which was established in the names of Mary Lee Rogers and Willie B. McCollough as joint owners with right of survivorship. That issue was tried to the trial court ore tenus and a judgment entered for Christine Rogers in the amount of $15,556.65. This judgment denied the proceeds to Willie B. McCollough, the surviving joint tenant, and she appealed.
The defendant, McCollough, presents two issues for our consideration. The first issue is whether there was sufficient evidence adduced to show (1) a confidential relationship between the grantor, Mary Lee Rogers, and the grantee, Willie B. McCollough, and (2) that the grantee was the dominant spirit. The second issue is whether the trial court erred in holding that the defendant failed to overcome the presumption of undue influence with competent evidence.
Mary Lee Rogers died on June 24, 1980, at the age of 75 years. During the last two years of her life, she suffered from various illnesses common to the elderly. Mrs. Rogers lived with a son whose physical infirmities made him an invalid. In July 1979, Mrs. Rogers was awarded $85 per month by the Alabama Department of Pensions and Security, under the Attendant Care at Home Program, to pay for "chore services." Mrs. McCollough was engaged to work for Mrs. Rogers beginning in June 1979 and did this work for her until Mrs. Rogers died in June 1980. Mrs. McCollough worked seven days a week; she cooked, cleaned, chauffered, and did other chore services for Mrs. Rogers and for her son, Isaac Rogers.
During this year, Mrs. Rogers was hospitalized on two occasions. The first, beginning on January 15, 1980, involved a four-day stay for severe hypertension and mild stroke. The next period lasted from January 24 until February 18, 1980, during which she was treated for a hepatitic coma.
On April 3, 1980, Mrs. Rogers, accompanied by Mrs. McCollough, went to the Montgomery bank where Mrs. Rogers had an existing savings account. Mrs. Rogers *Page 1248 
opened a joint savings account with the right of survivorship in the names of Mary Lee Rogers or Willie B. McCollough. The money deposited in this account was transferred from the other savings account. The bank official establishing the account later testified that she normally explained the nature of such an account to both parties, but that she did not remember this specific occasion.
On May 13, 1980, Mrs. McCollough began withdrawing money from the account. The record showed withdrawals as follows: May 13: $1,000; May 21: $500; June 6: $400; June 13: $7,000; and after Mrs. Rogers's death Mrs. McCollough withdrew the remaining funds.
The basic law pertaining to ownership of joint bank accounts with right of survivorship is found in Code of 1975, § 5-16-45. That statute has been construed by this Court in Hines v. Carr,372 So.2d 13 (Ala. 1979), which held, citing McEniry v. Coats,333 So.2d 568 (Ala. 1976), that undue influence or incompetency could be made a defense to a property disposition like the one before us. The McEniry case adopted the following principle from Webb v. Webb, 250 Ala. 194, 203, 33 So.2d 909 (1948):
 "The law presumes the exercise of undue influence in transactions inter vivos where confidential relations exist between the parties, and puts upon the donee or grantee, when shown to be the dominant party in the relation, the burden of repelling the presumption by competent and satisfactory evidence. [Citations omitted.]"
Thus, in order to establish the presumption of undue influence, a confidential relationship must be shown to have existed. Such a relationship may spring from "those multiform positions in life wherein one comes to rely upon and trust another in his important affairs." Raney v. Raney, 216 Ala. 30,34, 112 So. 313, 316 (1927), and so that kind of relationship could have arisen between Mrs. Rogers and Mrs. McCollough in this instance. Once that was established it was incumbent upon the plaintiff here to establish that Mrs. McCollough was the dominant party in that relationship. Whether the beneficiary was the dominant party is usually a question of fact; in any case there must be some evidence of controlling influence over the donor's purposes by the other. Little v. Sugg, 243 Ala. 196, 8 So.2d 866 (1942).
The presumption of undue influence having been raised, the donee must rebut it by evidence "which satisfies the judicial conscience that the matter was the voluntary and well-understood act of the grantor's mind, and was fair and just." Hinson v. Byrd, 259 Ala. 459, 462, 66 So.2d 736 (1953). A review of the record supports the conclusion that a confidential relationship existed between Mrs. Rogers and Mrs. McCollough, that Mrs. McCollough was the dominant party therein, and that the presumption of undue influence was not overcome.
The evidence was sharply divided. Mrs. Rogers' grandson and granddaughter testified to a negative change in Mrs. Rogers's mental soundness after her hospitalization. The granddaughter testified that Mrs. McCollough carried on Mrs. Rogers's business. The grandson testified that after returning from the hospital Mrs. Rogers was not capable of handling her affairs. Another witness, Geneva Hilton, testified that Mrs. Rogers was unable mentally to take care of her business affairs. This was also the observation of two neighbors, Annie Wilson and Edna Zimmerman, the latter witness testifying that Mrs. Rogers seemed to be senile.
In opposition, Mrs. Rogers's physician testified that she made "a remarkable recovery for someone with a hepatitic coma that is 76 years old," yet he also testified that a psychological evaluation of Mrs. Rogers made in June 1980 showed that Mrs. Rogers had a long-standing organic brain syndrome.
Brazzell Giles, the deceased's brother, Deborah McCollough, the defendant's daughter, and the defendant herself testified to the absence of force upon Mrs. Rogers to do anything. Giles, however, testified *Page 1249 
that Mrs. McCollough took care of all of Mrs. Rogers's business. Both Mrs. Mamie Holt and the defendant testified that Mrs. Rogers established the joint savings account because, as she told them, she wanted to give her something because Mrs. McCollough was so good and had taken care of her. Mrs. Holt testified that Mrs. Rogers was totally incapacitated and that Mrs. Rogers was totally dependent on Mrs. McCollough's care of her and her son. Both Mrs. McCollough and Mrs. Martha Johnson, a neighbor, testified that Mrs. Rogers's mind was sound.
In this state of the evidence, the issue of dominance was a question of fact for the trial court hearing the case presentedore tenus. Cf. Webb v. Webb, 250 Ala. 194, 33 So.2d 909 (1948) (younger man who handled business affairs for competent but ill 85-year-old man shown by evidence to be dominant spirit in their relationship). Thus, the trial court was not in error, for it could have reasonably found from that evidence that the presumption of undue influence in the relationship was not overcome by the clear and convincing proof necessary to repel the presumption. Webb, supra, 250 Ala. at 208, 33 So.2d 909. The judgment rendered below, therefore, must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.