This is an appeal from the final judgment of the Circuit Court of Morgan County in a will contest case. The judgment followed a directed verdict in favor of the proponents after the contestants had closed their presentation of evidence on the sole issue of undue influence exercised upon the testator. We affirm.
Although, as usual, in a will contest case, the facts are quite lengthy, the ultimate *Page 724 
facts in this case are simple. Erlene R. Morris, the decedent, executed a will in the office of her attorney and his secretary on March 27, 1979. She willed her property to her brother, D.R. Jarrett, and D.R.'s wife, and she excluded her niece, Doris Penn, and her nephew, Billy Frank Jarrett, from any benefits under the will. They are the children of deceased brothers, Timmy Jarrett and Lloyd Jarrett, respectively. As a result of this exclusion, Doris Penn and her cousin, Billy Frank Jarrett contested the will, claiming that their uncle, D.R. Jarrett had unduly influenced their aunt to exclude them.
Evidence at trial tended to show that the decedent was an easy-going, submissive person and a follower rather than a leader. In fact, she married her former school principal, Luther Morris, who was considerably older than she. He ran a small store, and after his death she attempted to run the business for a short time, but then moved to Hartselle, Alabama, into an apartment where elderly, retired people lived. After living in the apartment for five years, she sold some farm property and built a house next door to the property of her brother, D.R. Jarrett, so close that a car could not drive between the two houses. Also, her telephone was an extension of her brother's telephone. Evidence was adduced that one could "talk Erlene into anything," and that she was a person who wanted to avoid trouble and who was easily led.
After the sale of some of her property, for which she got approximately $80,000.00, the decedent seemed excited about buying a piece of property for which her brother D.R.'s daughter-in-law was the salesperson. She indicated that she would have to consult with her brothers before she could finally make up her mind. When the daughter-in-law, not hearing from the deceased, called to get approval for proceeding to close the transaction, D.R. Jarrett answered the telephone and indicated that his sister had changed her mind and, further, that she was not in any condition to talk on the telephone.
There was testimony to the effect that before the deceased received the $80,000.00 from the sale of real estate in Lawrence and Winston Counties, D.R. Jarrett had not visited his sister often. After that, he showed considerable interest and was a frequent visitor at his sister's residence and the house subsequently built next to him.
The controlling legal principles involved in this case are clear and have been repeated many times in our decisions. Those principles of law are:
 In order to support a challenge to a will based on undue influence, the contestant has the burden of showing:
 1. A confidential relationship between a favored beneficiary and testator;
 2. That the influence of or for the beneficiary was dominant and controlling in that relationship;
 3. Undue activity on the part of the dominant party in procuring the execution of the will.
Reed v. Walters, 396 So.2d 83, 86 (Ala. 1981). Accord,Arrington v. Working Woman's Home, 368 So.2d 851 (Ala. 1979);Pruitt v. Pruitt, 343 So.2d 495 (Ala. 1977); Clark v. Clark,280 Ala. 644, 197 So.2d 447 (1967), appeal after remand,287 Ala. 42, 247 So.2d 361 (1971); Brunson v. Brunson, 278 Ala. 131, 176 So.2d 490 (1965); Kahalley v. Kahalley, 248 Ala. 624,28 So.2d 792 (1947).
The contestants' main argument on appeal is that they produced at least a scintilla of evidence to prove the undue influence required by our decisions and, therefore, that the trial court should have allowed a jury to decide whether they had met their burden of proof. We do not agree. Although a scintilla is merely a gleam, glimmer, or spark, we do not believe that a scintilla has been made out in this case, at least as to the third aspect of the rule, namely, "undue activity on the part of the dominant party in producing the execution of the will." Reed v. Walters, 396 So.2d at 86. Contestants' same argument was proposed and rejected in our case of Reed v. Walters, supra. There is simply *Page 725 
not one piece of evidence showing that D.R. Jarrett and/or his wife discussed a will with the deceased, or even took the deceased to the lawyer's office at the time of the execution of the will. There is no evidence that D.R. Jarrett even knew about a will until his sister's death. A suspicion is not a scintilla. Arrington v. Working Woman's Home, 368 So.2d at 854.See Perdue v. Gates, 403 So.2d 165 (Ala. 1981).
We conclude that if the trial court had allowed this case to go to the jury and not granted a motion for a directed verdict, all the jury could have considered on the aspect of activity on the part of the dominant party in procuring the execution of the will would have been a suspicion about what D.R. Jarrett did because of his confidential relationship and dominant position in the relationship with his sister. This we would not allow.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.