On Remand from the Alabama Supreme Court.

CRAWLEY, Judge.
On March 16, 2001, this court reversed a judgment entered by the Coffee Circuit Court on a jury verdict in favor of the contestants in a will contest. Morrow v. Helms, 873 So.2d 1132 (Ala.Civ.App.2001). On June 13, 2003, the Alabama Supreme Court affirmed this court’s judgment in part, reversed this court’s judgment in part, and remanded the cause with instructions. Ex parte Helms, 873 So.2d 1139 (Ala.2003).
The supreme court affirmed this court’s judgment insofar as it held that the proponents of the will were entitled to a judgment as a matter of law (“JML”) on the issue regarding proper execution of the will. The supreme court reversed our judgment insofar as it held that the proponents were entitled to a JML on the issue of testamentary capacity; the supreme court determined that the contestants of the will were entitled to a new trial on that issue. In addition, the supreme court reversed this court’s judgment insofar as it held that the proponents were entitled to a JML on the issue of undue influence.
The supreme court explained that, in order to raise a presumption of undue influence in a will contest and thereby shift the burden of proof to the proponent of the will, the contestant of the will must prove three elements, namely: (1) that a confidential relationship existed between a favored beneficiary and the testator; (2) that the favored beneficiary’s influence was dominant and controlling in the relationship; and (3) that there was undue activity on the part of the favored beneficiary in procuring the execution of the will. The supreme court pointed out that this court had addressed only two of the three essential elements of an undue influence claim— the dominance-and-control element and the undue-activity element — and that we had held that the record contained no evidence supporting those two elements. The supreme court held that this court had erred in concluding that there was not substantial evidence to support those two elements. Then, as to the remaining element of the undue-influence claim, the supreme court stated:
“While the proponents also argue to us that a third essential element of this claim, the element that the proponents were ‘favored beneficiaries’ under the putative 1997 second will, is unsupported by substantial evidence, the Court of Civil Appeals did not address this essential element; and, because no holding by the Court of Civil Appeals on this element is before us, we will not address it either. Our remand will not foreclose consideration of this issue.
[[Image here]]
“... [Ajbsent further consideration and an adverse holding by the Court of Civil Appeals on the issue of the proponents’ status as ‘favored beneficiaries’ under the putative 1997 second will, the contestants will be entitled to proceed again to the jury on their undue-influence claim.”
Ex parte Helms, 873 So.2d at 1149.
In Cook v. Morton, 241 Ala. 188, 192, 1 So.2d 890, 892 (1941), the Alabama Su *1153 preme Court defined the term “favored beneficiary” as follows:
“[A favored beneficiary is one] who, in the circumstances of the particular case, has been favored over others having equal claim to the testator’s bounty. An unnatural discrimination, leading to a natural inference that advantage has been taken by one in position so to do; and shown to have been busy in getting such will executed.”
On remand, the proponents ask this court to address the “favored beneficiary” issue. They argue that they are not, as a matter of law, favored beneficiaries because they were more closely related to the testatrix than the contestants were. The proponents maintain that because they were related to the testatrix by consanguinity, rather than by affinity as the contestants were, the contestants did not have an “equal claim” to the testatrix’s bounty, the testatrix naturally favored the proponents, and the testatrix did not, therefore, make an “unnatural discrimination” in naming the objects of her bounty.
The proponents’ argument is not grounded in Alabama law. “The ‘equal claim’ of others refers not to the laws of descent and distribution but to the facts of the particular case. Windham v. Pope, 474 So.2d 1075, 1077 (Ala.1985).” Clifton v. Clifton, 529 So.2d 980, 983 (Ala.1988). See also Mindler v. Crocker, 245 Ala. 578, 18 So.2d 278 (1944); Cook v. Morton, supra.
In Bolan v. Bolan 611 So.2d 1051 (Ala.1993), the proponents of a will appealed from a judgment entered on a jury verdict in favor of the contestants of the will. The proponents were three of the testator’s six surviving children; the contestants were the other three children and the offspring of a deceased child. The supreme court affirmed the judgment, holding that the trial court had not erred by submitting to the jury the question whether one of the proponents, a daughter who had cooked and cared for the testator for six years before his death, was a favored beneficiary. The proponent daughter had argued that she was not a favored beneficiary because “the favoritism [the testator] showed toward [her] was not unnatural at all, but was entirely normal in light of the closeness of their relationship and all that [the proponent daughter] had done for [the testator].” 611 So.2d at 1056. The court held:
“There was evidence that [another daughter, one of the contestants,] and [the testator] were both strong-willed people and simply did not get along, notwithstanding [the contestant daughter’s] good intentions in trying to persuade [the testator] to take medicine, see a doctor, and so forth. There was also substantial testimony, however, that the contestants enjoyed a good relationship with [the testator] up until the very end of his life. In light of this testimony, and because whether a beneficiary is ‘favored’ depends on the particular facts of the case, Cook v. Morton, [241 Ala. 188, 1 So.2d 890 (1941) ], the trial court did not err in submitting to the jury the question of whether [the proponent daughter] was a ‘favored beneficiary’ under the controlling Cook definition.”
611 So.2d at 1056-57. See also Armstrong v. McGee, 579 So.2d 1310 (Ala.1991). In the present case, there was substantial evidence that the proponents and the contestants had visited the testator during her last illness and had enjoyed a good relationship with her. Under the circumstances, we hold that whether the proponents were “favored beneficiaries” was a question of fact for the jury. In accordance with the opinion of the Alabama Supreme Court, the judgment of the Coffee Circuit Court is reversed and the cause *1154 is remanded with instructions. On remand, the trial court is instructed to grant the proponents’ motion for JML on the issue of the proper execution of the will. The trial court is further instructed to conduct a new trial on contestants’ undue-influence and testamentary-capacity claims.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON and PITTMAN, JJ., concur.
YATES, P.J., and MURDOCK, J., concur in the result.