# Posey, *et al. v.* Donaldson.

## *Will Contest.*

(Decided November 7, 1914.  66 South. 662.)

1. *Wills; Testamentary Capacity; Old Age.*—Mere evidence of great physical weakness, accompanied by increasing mental weakness and impaired memory due to old age, will not raise any question of lack of testamentary capacity.

2. *Same; Undue Influence.*—Where not overriding the will of the testator, persuasion whereby testator was induced to make his will differently from the way he would otherwise have made it, does not amount to undue influence.

3. *Same; Burden of Proof.*—The burden of proving undue influence rests upon the contestants.

4. *Same; Evidence.*—In determining whether a will was procured by undue influence, the circumstances surrounding the making thereof must be considered.

5. *Same; Evidence; Sufficiency.*—Under the evidence in this case it is a question for the jury whether the will contested was procured by undue influence.

APPEAL from Winston Probate Court.

Heard before Hon. JOHN S. CURTIS.

Petition by J. A. Donaldson for the probate of the will of J. G. Donaldson, deceased, contested by Ella Posey and another. From a judgment for the proponent, contestants appeal. Reversed and remanded.

The contest was based on testamentary incapacity, and undue influence. The evidence on this issue is sufficiently stated in the opinion. The will was executed January 25, 1913, and the testator died March, 1913, at the age of 77 years. The testator left surviving him a widow, three sons and four grandchildren, children of Britt Donaldson, a deceased son of testator, and who died about 15 years before. The proponent of the will is J. A. Donaldson, one of the surviving sons of testator. By the terms of the will, each

[Posey, et al. v. Donalson.] ·

of the four granddaughters received $50, the widow received nothing, and the residue of the estate in value about $25,000 was given to the three living sons in equal parts. Two of the four granddaughters are the contestants in this proceeding. The assignments of error present for review several rulings on the evidence, but the main question arises upon the propriety of the action of the trial court in giving to the jury the general affirmative charge for the proponent.

WILLIAM L. CHENAULT, and CHESTER L. TUBB, for appellant.

R. L. BLANTON, for appellee.

SOMERVILLE, J.—The evidence presented on the issues of testamentary capacity showed no more than the great physical weakness of the testator, with increasing mental weakness and impairment of memory, such as was naturally incident to his advanced age. The uncontradicted testimony of numerous witnesses, including some of those offered by contestants, conclusively shows that, at and about the date of his testamentary act, the testator was fully capacitated therefor. So far as this issue was concerned, there was nothing to be submitted to the jury.

On the issue of undue influence, there was no evidence indicative of confidential relations between testator and beneficiaries leading to the dominance of the latter over the former, nor was there any evidence of activity on the part of the latter in or about the preparation or execution of the will. The burden of proving undue influence in the procurement of the will on the part of one or more of the persons charged therewith, therefore, rested affirmatively upon the contestants.

—*Hawthorne v. Jenkins,* 182 Ala. 255, 62 South. 505; *Bancroft v. Otis,* 91 Ala. 291, 8 South. 286, 24 Am. St. Rep. 904.

"While of course direct evidence of fraud or undue influence is sufficient to establish those issues, such evidence is rarely obtainable, and the issues are generally determined by inferences drawn from a large number of facts and circumstances, no one of which is of much weight or conclusive when considered alone, but is of some weight when combined with other facts. Taken collectively, such facts and circumstances acquire their proper weight, and may then be sufficient to prove the issues. Thus it is only when considered in connection with other circumstances that weight is given to the motive and opportunity of a person benefitted by the will to unduly influence the testator; prior hostility between proponents and contestants; * * * unjust, unequal, or unnatural provisions in the will, such as the exclusion of part, or all, of the natural objects of the testator's bounty; general good or bad treatment of the testator; * * * declarations of the testator * * * that he had been unduly influenced to make the will, or that he intended to dispose of his property by will in a certain way; * * * or the fact that the testator lived with the beneficiary." —40 Cyc. 1166-1168, and cases cited.

The following facts or conditions here find support in the evidence. The testator was very old and very infirm, and his memory and other mental faculties were failing and sometimes useless; he lived with or was constantly in company with his three sons; his wife, who had previously left him, returned to his home about the time he began to prepare the will, and its provisions were framed in accordance with her suggestions or wishes; she and the sons were not friendly to the grand-

daughters and their mother, and discouraged their presence with and attentions to the testator; the testator was very fond of his granddaughters, recognized his duty to them as the children of his dead son, and intended to give to them the share of his estate which their father would have received if living; he made repeated declarations of this intention within a few months before the execution of the will; in giving favors to contestants or their mother he concealed the fact from his immediate family in fear of their disapproval or censure; he was harassed and bothered by his family, and especially his wife, with respect to the division of his estate, before and about the time of making the will.

From all these circumstances the jury might have drawn a rational inference that the testator was unduly influenced in the making of his will as he did, and that his purpose to give a fourth of his estate to these granddaughters was dislodged by the intervention of the superior will of another, dominating and directing his own to an undesired result.

This evidence may be unsatisfactory, and the conclusion may be weak, but we do not feel justified in declaring that the evidence presented no issue for the determination of the jury, and hence we must hold that the trial judge erred in instructing the jury to find for the plaintiff.

The assignments of error with respect to rulings on the evidence are not of sufficient merit or consequence to justify their discussion.

The fact, if established, that Gillie Donaldson, the testator's wife, induced him to make his will different from what he otherwise would have done, did not, in the absence of fraud or coercion, or its equivalent, amount to undue influence. The charge predicating a

verdict for contestants on the ground of such inducement alone was therefore properly refused.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, DE GRAFFENRIED, and GARDNER, JJ., concur.