(94 South. 53)

## ALEXANDER v. ALEXANDER. (8 Div. 363.)

(Supreme Court of Alabama. Oct. 26, 1922.)

**1. Wills ⬤⟶303(7)—Evidence held insufficient to show invalidity of will where subscribing witnesses gave direct and positive evidence.**

Testator's mere vagrant statements that he did not intend to make a will, and proponent's dubiously established expressions indicating lack of knowledge that deceased had done so, *held* not to prevail against the validity of a will, where subscribing witnesses' evidence was direct and positive.

**2. Wills ⬤⟶166(2)—Mere evidence of proponent's confidential relations with testator held not to show undue influence.**

Mere evidence of confidential relations between testator and proponent, and that proponent exercised a general dominating influence over testator, with no showing proponent actively procured execution of will, *held* not to support issue of undue influence.

Appeal from Probate Court, Lawrence County; J. E. Kumpe, Judge.

Proceeding by W. A. Alexander to probate the last will and testament of L. A. Alexander, deceased, with contest by Myrtle Alexander. From a judgment denying probate proponent appeals. Reversed and remanded.

G. O. Chenault, of Albany, for appellant.

Confidential relations between testator and beneficiary are not sufficient to cast the burden on the beneficiary to establish want of undue influence; there must be some active participation by the beneficiary in the preparation and execution of the will. 184 Ala. 115, 63 South. 978; 95 Ala. 493, 11 South. 204, 36 Am. St. Rep. 227; 185 Ala. 468, 64 South. 105; 172 Ala. 295, 55 South. 314; 157 Ala. 262, 47 South. 584; 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904; 197 Ala. 303, 72 South. 531; 205 Ala. 632, 88 South. 863; 184 Ala. 106, 63 South. 524; 40 Cyc. 1150. The affirmative charge should have been given for proponent. 205 Ala. 307, 87 South. 526; 107 Ala. 424, 18 South. 264. For the lack of evidence to support the verdict, the motion for new trial should have been granted. 92 Ala. 630, 9 South. 738.

William L. Chenault, of Russellville, for appellee.

The court did not err in refusing the motion for a new trial. 202 Ala. 220, 80 South. 42; 169 Ala. 258, 53 South. 98. Although one or more of the counts in a complaint are defective or insufficient, if it contains a good count, it will support a general verdict for the plaintiff. 23 Cyc. 696.

SAYRE, J. Appellant propounded for probate a paper writing purporting to be the last will and testament of L. A. Alexander, deceased, wherein he was named as sole beneficiary and executor. Appellee's contest was framed in several aspects, but the course of the trial indicated very clearly contestant's contention to be twofold; that deceased had not executed the paper; and that its execution had resulted from undue influence exercised by proponent. Jury and verdict went for contestant and from the judgment denying probate proponent has appealed.

There is no need to consider in detail the several assignments of error since the court is clear to the conclusion that the evidence offered to sustain the two aspects of appellee's contest was wholly insufficient to that end and should not have been allowed to prevail against proponent's motion for a venire de novo.

[1] The evidence of the two witnesses to the will was direct, positive, and unclouded, save by some testimony tending to show vagrant general statements by testator to the effect that he did not intend ever to make a will, but would let the law dispose of his estate, and some dubiously established expressions on the part of proponent after the death of deceased, indicating his lack of knowledge that deceased had disposed of his property by will, or even, it may be conceded, that he intended to deny the existence of a will. The evidence, besides being clear to the effect already stated, discloses ample reason why deceased should have made just the will in dispute, and the court is of opinion that the verdict should not have been allowed to stand.

[2] As for the other ground of contest, viz. that the will was the result of undue influence, proponent was entitled to the general charge. Let it be assumed for the argument that there was some evidence of confidential relations in fact between testator and proponent, and that proponent exercised in general a dominating influence over testator, there was an entire absence of evidence going to show that there was any activity on the part of proponent beneficiary in procuring the execution of the will, or that such influence had any connection whatever with its execution, and in the absence of such evidence the finding on the issue of undue influence could not possibly be sustained. Betz v. Lovell, 197 Ala. 242, 72 South. 500; Jones v. Brooks, 184 Ala. 115, 63 South. 978; Scarbrough v. Scarbrough, 185 Ala. 468, 64 South. 105; Curry v. Leonard, 186 Ala. 666, 65 South. 362.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.