37 So.2d 499

### WILSON v. PAYTON et al.

### 5 Div. 437.

Supreme Court of Alabama.

Oct. 14, 1948.

Rehearing Denied Dec. 2, 1948.

412

Jos. J. Mullins and Gerald & Gerald, all of Clanton, for appellant.

Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellees.

LAWSON, Justice.

Appellant propounded for probate what was purported to be the last will and testament of Andrew J. Wilson, deceased, wherein appellant was named as the main beneficiary and executor. Contest of appellees was framed in several aspects, but from this record it clearly appears that contestants' contention was two-fold: that the execution of the will resulted from undue influence exercised by proponent; and that the testator was of unsound mind and lacking in testamentary capacity.

We will not consider all the assignments of error since the court is clear to the conclusion that the evidence offered to sustain the two aspects of appellees' contest was wholly insufficient to that end and should not have been allowed to prevail against proponent's motion for a new trial.

■■ As for the ground of contest that the will was the result of undue influence, we think proponent was entitled to the general charge. We have repeatedly held that when a will is contested on the ground of undue influence, the burden is on contestant, in order to raise a presumption of undue influence, to prove a dominant confidential relationship and undue activity in the execution of a will by or for a favored beneficiary. Hyde et al. v. Norris et al., 250 Ala. 518, 35 So.2d 181, and cases there cited.

■ Appellant, proponent below, was a favored beneficiary. The testator was proponent's father and such a relationship is per se confidential. It is presumed prima facie that in transactions between parent and child the parent is the dominant party and that they are free from undue influence, and in such cases the burden is upon contestant to show that time and circumstances have reversed the order of nature, and that the dominance of the parent has been displaced by subservience to the child. Betz et al. v. Lovell et al., 197 Ala. 239, 72 So. 500; Hawthorne v. Jenkins, 182 Ala. 255, 62 So. 505, Ann.Cas.1915D., 707. It may be assumed for the argument that contestants met this burden and showed that the proponent was the dominant party in such relationship. But there was an entire absence of evidence going to show that there was any activity on the part of proponent beneficiary in procuring the execution of the will, or that such influence had any connection whatever with its execution, and in the absence of such evidence a finding on the issue of undue influence in favor of contestants cannot be sustained. Alexander v. Alexander, 208 Ala. 291, 94 So. 53; Betz v. Lovell, supra; Scarbrough v. Scarbrough, 185 Ala. 468, 64 So. 105.

■ The requisite mental capacity to make a will has been repeatedly defined by this court and these words, taken from Bulger v. Ross, 98 Ala. 267, 271, 12 So. 803, 804, express the standard therefor as that standard has been consistently declared and maintained by our later adjudications:

"Testamentary capacity does not necessarily imply a mind wholly unimpaired. If the testator recollects the property he or she is about to bequeath, the persons to whom there is a wish to bequeath it, the manner in which he or she desires to dispose of it, and understands the business engaged in, this is testamentary capacity. If these mental qualities are found to have existed when the will was executed, then great age, bodily infirmity, or impaired mind,—one or all,—will not vitiate the will. The disposing mind and memory which the law declares are the tests of testamentary capacity are all embodied and expressed in the one power to collect and retain the elements of the business to be performed for a sufficient length of time to perceive and comprehend their relation to each other." Watkins v. Yeatman, 189 Ala. 370, 66 So. 707; Dersis et al. v. Dersis, 210 Ala. 308, 98 So. 27; Batson v. Batson, 217 Ala. 450, 117 So. 10.

■ We have considered with great care the evidence in this case on the subject of the testamentary capacity of the testator

414

and we are of the opinion that it was so overwhelmingly in favor of his testamentary capacity at the time he executed his will as to convince us that, in refusing to grant the appellant's motion for a new trial, the trial court committed reversible error.

We are not unmindful of the doctrine which has been so long established by this court with reference to upholding the action of trial courts in refusing to set aside the verdicts of juries (Cobb v. Malone, 92 Ala. 630, 9 So. 738), but in this case, after carefully weighing all the evidence on the subject of the testamentary capacity of the testator, we are convinced that the preponderance of the evidence against the verdict in this case was so decided as that the verdict was clearly wrong and unjust. Watkins v. Yeatman, supra.

The judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.

BROWN, FOSTER and STAKELY, JJ., concur.