This appeal is from a directed verdict upholding the validity of a will. The issue is whether there was a scintilla of evidence from which the jury could lawfully infer the favored beneficiary was unduly active in procuring the will.
We hold there was and reverse.
The contested will was executed by John W. Rabon on 9 August 1972. He died on 29 March 1976, and his widow, Luree M. Rabon, petitioned the Probate Court of Escambia County for probate of his will on 28 May 1976. Notice of contest and demand for transfer was filed by two sons of the testator, John Douglas and William Ronald Rabon. Pursuant to § 43-1-78, Code 1975, the case was transferred to the circuit court for trial by jury.
The parties stipulated that the validity of the execution of the will was not in issue and that the sole ground of contest was that the will was a product of undue influence or coercion on the part of Luree M. Rabon, the sole beneficiary. After the close of the contestants' case the proponents offered no evidence and moved for directed verdict, which was granted. The trial judge in his instructions to the jury, directing the verdict for the proponents, stated that no evidence had been presented showing the favored beneficiary had engaged in any undue activity in procuring execution of the will.
This court in Pruitt v. Pruitt, 343 So.2d 495 (Ala. 1977), restated the three pronged test required to raise a presumption of undue influence in Alabama.
 "* * * [The] evidence must establish: (1) a confidential relationship between a favored beneficiary and testator; (2) that the influence of or for the beneficiary was dominant and controlling in that relationship; and (3) undue activity on the part of the dominant party in procuring the execution of the will. * * *"
Clearly, in the trial below evidence of the first two elements was presented. Luree Rabon was the wife of the testator and the sole beneficiary of his will. The testator was 86 years old and in a rapidly deteriorating state of health. He was described as being feeble and childlike, could not drive, read, or even feed himself. In short, he was almost completely dependent upon his wife, Luree. The trial court instructed the jury that some evidence had been presented tending to show there was a confidential relationship between the testator and a favored beneficiary. This evidence would also tend to prove the favored beneficiary dominant and controlling in that relationship.
There was also evidence of undue activity upon her part in procuring the execution of the will. This third test has often been the determining factor regarding the existence of a presumption of undue influence. See Pruitt, supra. It is not required that the favored beneficiary be present at the execution of the will, although this also might be evidence of undue activity. A testator can be coerced into making his will by one who remains unseen during its execution. All that is required is evidence that the favored beneficiary played such a part in the procurement of the will tending to show that testator did not make the will under his own volition, nor devise property consistent with his own free will and desires.Locke v. Sparks, 263 Ala. 137, 81 So.2d 670 (1955).
In this case the contestants offered testimony to show that on 30 July 1972, ten days before the execution of the will, the testator told his son, William, that he had considered dividing the minerals, the mineral property, four (4) ways and would give him *Page 973 
the mineral rights if he could. At that time, according to the testimony, Luree went into a fit of anger, shouted profanely at the testator and continued to do so intermittently from 9:00 p.m. until 3:00 a.m. on the occasion. The favored beneficiary was overheard telling the testator "you're not going to give the mineral rights to Ronald and Douglas, and if you do you're going to have to find somebody else to stay with you or to look after you." Luree was also overheard screaming that the mineral rights were hers. She told William Rabon that he wasn't getting any of her property, that she had fixed it where he and his brother couldn't touch it.
Evidence of this nature is crucial to the determination of the existence of undue influence. It is essential in order to prove that the free agency of a testator was destroyed and the wishes of another substituted for his. Dunlap v. Robinson,28 Ala. 100, 107 (1856). It is this destruction of the testator's free agency which must be caused by the activity of the favored beneficiary in procuring the will in order to establish undue influence to void the will. Stanley v. Kelley, 267 Ala. 379,102 So.2d 16, 19 (1958). And physical coercion is not necessary. A threat to leave a sick testator may suffice. In reSickels' Will, 63 N.J. Eq. 233, 50 A. 577, affirmed 64 N.J. Eq. 791,53 A. 1125 (1903). Atkinson, Law of Wills, § 55, p. 257 (2d ed. 1953).
This court held in Reed v. Shipp, 293 Ala. 632, 308 So.2d 705
(1975):
 "* * * that all that is needed to submit the case to a jury is a mere scintilla from which the jury can infer some undue activity in the procurement or execution of the will, and this can be proved by circumstantial evidence. Smith v. Moore, 278 Ala. 173, 176 So.2d 868 (1965).
The mere spark of evidence which would permit the inference that the favored beneficiary substituted her own volition for that of the testator and caused him to execute the will is sufficient to take the case to the jury. In this case there is sufficient evidence for submission of the case to the trier of facts; the jury. For error in directing a verdict the case must be reversed.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.