MADDOX, Justice.
This case involves a contested will. The issue is whether the testatrix exhibited the testamentary capacity necessary to make a will.
Summarized, the facts are:
On February 26, 1975, the mayor of Un-iontown, Andrew Hayden, prepared a will for the testatrix. In the will the testatrix left $1.00 to her sister, Mary Linnard (Lindsley), the contestant. The remainder of her estate was left to Bernard Hugene *15 Shields. Annie Bell Allen and Clarence Moore attested to the signing of the will and subscribed their names to the instrument. The testatrix died the following day.
The case was tried before a jury, which found that the instrument was valid and was the will of the testatrix. The contestant filed a motion for a new trial, and claimed that the jury’s verdict was contrary to the evidence. The trial court denied the motion. Contestant appealed.
The testimony given at trial was in conflict as to the mental and physical condition of the testatrix during the time period surrounding the making of her will. There is a well-established doctrine in this state which has recently been reiterated by this Court in Fletcher v. DeLoach, 360 So.2d 316 (1978); which states:
“In cases of this nature, the verdict of the jury cannot be overturned unless shown to be clearly wrong and unjust. Wilson v. Payton, 251 Ala. 411, 414, 37 So.2d 499, 501 (1948); Watkins v. Yeatman, 189 Ala. 370, 66 So. 707 (1914). The refusal of the trial judge to grant the appellant-proponent’s motion for new trial strengthens this presumption in favor of the verdict. Johnson v. Howard, 279 Ala. 16, 22, 181 So.2d 85, 91 (1965).”
After a careful review of the record in this case, we cannot say that the verdict of the jury was clearly wrong and unjust. The judgment entered upon the jury verdict is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.