This is a will contest. At issue is the last will and testament of Nancy Beatrice Diamond Odom. The circuit court held the will invalid because it was obtained by undue influence. We reverse.
Mrs. Odom and her husband of more than 20 years, David S. Odom, Sr., were residents of Conecuh County, Alabama. On November 25, 1969, Mr. and Mrs. Odom went to Metairie, Louisiana, where a daughter of Mr. Odom's by a previous marriage, Betty Sue Sanford, resided. Mrs. Sanford testified that Mrs. Odom told her she had come to Louisiana to make a will, supposedly to keep Mrs. Odom's two brothers from knowing about the will, because the two brothers had already contested ownership of the land in question which had previously belonged to Mrs. Odom's father. Mr. Odom is the sole beneficiary under the will.
On November 26, 1969, Mrs. Sanford's husband took Mr. and Mrs. Odom and L.W. Dixon, Mrs. Sanford's uncle, to the office of Phillip B. Smith, an attorney. It was in Mr. Smith's office that the will was executed. The will was handwritten; witnessed by L.W. Dixon and Mr. Odom; and there was an acknowledgment signed by Phillip B. Smith as a Notary Public. The Odoms returned home that same day.
Mrs. Odom died on March 7, 1974, but her will was not filed for probate until March 31, 1978. On December 1, 1978, a complaint was filed by parties who would have had an interest in the estate of Mrs. Odom had she died intestate. The complaint alleged that the will was invalid because the will was not duly executed; the will was not executed by Mrs. Odom; and the signature on the will was not the actual signature of Mrs. Odom. At the time of trial, Mr. Odom and L.W. Dixon were deceased. The court entered a judgment finding:
 4. That David S. Odom, Sr., was the husband of Testatrix and therefore enjoyed a confidential relationship with Nancy Beatrice Diamond Odom, the Testatrix.
 5. That David S. Odom, Sr., was the favored beneficiary under the alleged will of Nancy Beatrice Diamond Odom.
 6. That David S. Odom, Sr., took the Testatrix to Metairie, Louisiana for the purpose of having her will prepared and executed and that David S. Odom, Sr., *Page 858 
took the Testatrix to his daughter's attorney in Metairie, and had the attorney prepare the will for the Testatrix at that time.
 7. It is undisputed that David S. Odom, Sr., was present at the time the Testatrix executed her will as it was proven he was one of the witnesses to the will. Another witness to the will was L.W. Dixon, uncle of the children of David S. Odom, Sr., and brother-in-law of David S. Odom, Sr., by marriage to Odom's sister.
 8. The action of David S. Odom, Sr., in taking the Testatrix to Metairie, taking her to his daughter's attorney and being present at the time the will was prepared and executed, taken together, with the above, show undue activity by David S. Odom, Sr., in procuring the execution of the will.
 9. As David S. Odom, Sr., enjoyed a dominant, confidential relationship with Testatrix and there was undue activity on his part in the execution of the will, in which he was the favored beneficiary, a prima facie presumption of undue influence arose, casting on the proponents the burden of proving no undue influence.
 10. There was no evidence before the Court to rebut the prima facie presumption of due [sic] influence as raised above. . . .
It should be observed that the complaint did not contain a claim of undue influence. We need not address the issue of whether the complaint could be considered to have been amended by implied consent of the parties under ARCP, Rule 15 (b), in view of our holding that the evidence is insufficient to support the judgment setting aside the will because of undue influence.
The general rule is:
 [t]hat when undue influence is asserted in a will contest, the contestant has the burden, in order to raise a presumption of undue influence, to prove a dominant confidential relationship and undue activity in the execution of the will by or for a favored beneficiary. Wilson v. Payton, 251 Ala. 411, 37 So.2d 499 (1948), citing Hyde v. Norris, 250 Ala. 518, 35 So.2d 181 (1948). In other words, evidence must establish: (1) a confidential relationship between a favored beneficiary and testator; (2) that the influence of or for the beneficiary was dominant and controlling in that relationship; and (3) undue
activity on the part of the dominant party in procuring the execution of the will. Wilson v. Payton, supra; Alexander v. Alexander, 208 Ala. 291, 94 So. 53 (1922).
Pruitt v. Pruitt, 343 So.2d 495 (1976).
The court was correct in finding a confidential relationship and also that Mr. Odom was a favored beneficiary under the will.
The second requirement for a finding of undue influence is that the beneficiary was dominant and controlling in the relationship. There was no evidence that Mr. Odom was the dominant party in the relationship. The fact that Mr. Odom went with his wife to Louisiana and to the lawyer's office does not give rise to the inference that he was dominant in the relationship. We suspect the majority of husbands would do the same. It would require more evidence than was presented here to show dominance on Mr. Odom's part. Whether the beneficiary was the dominant party must be proven by some evidence of controlling influence over the testatrix's purpose by the other. Smith v. Smith, 384 So.2d 1069 (Ala. 1980).
Additionally, the evidence was insufficient to prove undue activity on Mr. Odom's part in procuring the execution of the will.
In Brunson v. Brunson, 278 Ala. 131, 176 So.2d 490 (1965), the court stated:
 Contestants argue that a jury question on the issue of undue influence was presented because the evidence shows that testator and proponent were husband and wife and were also cousins, that the will was prepared by proponent's brother-in-law, that brother-in-law was also the brother-in-law of the other attesting witness, and that proponent had testator's papers immediately after his death but denies knowledge of the will allegedly executed by testator in 1961. Contestants say that *Page 859 
these facts "AFFORDED A REASONABLE INFERENCE OF A DOMINATING CONFIDENTIAL RELATIONSHIP BENEFICIAL TO THE FAVORITE AND ONLY BENEFICIARY THEREUNDER, BEING MARY S. BRUNSON, AND THE TESTIMONY AS A WHOLE IN THIS CASE, AFFORDED A JURY QUESTION RELATING TO THE ISSUE OF UNDUE INFLUENCE . . ."
 There is no evidence that proponent had any connection with or knowledge of the execution of the will. There is no evidence that the draftsman, or the other attesting witness, or any one else, exercised any influence whatever over the mind or will of testator in the procurement or drafting of the will.
 "But we need not here do more than repeat the oft-stated rule that the evidence, direct or circumstantial, must go further and afford ground for reasonable inference, not mere suspicion, that the favored beneficiary has been active in the procurement of the will. . . . ." East v. Karter, 218 Ala. 366, 367, 369, 118 So. 547, 549.
We observe that there were suspicious circumstances surrounding the execution of the will and its late filing for probate, but suspicion alone is insufficient to set aside a will. It is clear, even to the untrained eye, that the signature of Mr. Odom as a witness to the will did not match the signature on the petition to probate the will. Resolution of this discrepancy does not, however, tip the scales on the issue of undue influence.
The mere fact that Mr. Odom accompanied his wife to Louisiana and to the attorney's office and that he witnessed the will is not sufficient to establish undue influence. Undue influence involves moral coercion to the extent of destroying or impairing the free agency of the testatrix. Cook v. Morton,241 Ala. 188, 1 So.2d 890 (1941). There was no contention that Mrs. Odom was not of sound mind. Moreover, it is not unusual for one spouse to leave property to another spouse, especially when there are no children of the marriage. It is not influence that will defeat a will, it is undue influence.
The judgment is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J. and EMBRY and ADAMS, JJ., concur.
FAULKNER, J., concurs in the result (with opinion).