This appeal arises out of a will contest in the Circuit Court of Monroe County, wherein the jury found that the proponent of the will, Ray O. Smith, had exerted undue influence over the testatrix, Zadie Smith, and, therefore, that the instrument was not her last will and testament. We reverse and remand.
Zadie Smith lived with her brother Ezra Smith in Mexia, Alabama. Much of Zadie's adult life was dedicated to the care of her brother Ezra. According to the testimony at trial, Zadie did not drive, so her brother Bernie Smith bought her groceries, drove her places when she had business to attend to, and generally assisted her in any way possible. Bernie died in May of 1972. Ray O. Smith, Zadie's nephew, had been cutting the grass for Zadie before Bernie died, and, subsequent to Bernie's death, Ray began to stop by regularly, on Tuesdays and Fridays, to help Zadie and Ezra. He bought their groceries, chopped wood, and drove Zadie around, as Bernie had done.
On August 1, 1972, Zadie went to Monroeville to see Attorney Wendel C. Owens *Page 1162 
about the preparation of her will. Owens drew up the will, and Zadie went over it and signed it. In the will, Zadie directed that her estate go to Ezra, but that if he should predecease her, then the estate was to go to her nephew, Ray O. Smith. Zadie gave the will to Ray and told him to put it away for safe keeping.
Some time after the execution of the will, Zadie added Ray's name to her bank accounts. After Ray got her house wired for electricity, Zadie gave Ray money to pay the electric bills.
Ezra died in 1980, and some time thereafter Zadie went to live with Ray and his wife in Goodway, Alabama. Zadie lived with Ray until her death on July 14, 1983.
Ray Smith offered the will for probate on July 20, 1983, in the office of the Probate Judge of Monroe County. The contestants, appellees herein, filed a contest, alleging faulty execution, lack of testamentary capacity, and undue influence on the part of Ray Smith. The contest was transferred to the Circuit Court of Monroe County, where summary judgment was entered in favor of Ray Smith with regard to the faulty execution and mental capacity issues, and the case was tried solely on the undue influence issue. Counsel for proponent Ray Smith made a motion for a directed verdict at the close of all the evidence, which was denied by the court, and the case went to the jury. The jury returned a verdict which stated that the instrument was not the last will and testament of Zadie Smith. Proponent filed this appeal after his motion for judgment notwithstanding the verdict was denied.
The only issue for our review is whether there was sufficient evidence of undue influence to allow the court to deny proponent's motion for directed verdict and submit the case to the jury.
Regarding will contests, this Court has stated that, in order to survive a motion for a directed verdict, the contestant must present a scintilla of evidence that the favored beneficiary was unduly active in procuring the will. Rule 50 (e), A.R.Civ.P., Bardin v. Jones, 371 So.2d 23 (Ala. 1979); Rabon v.Rabon, 360 So.2d 971 (Ala. 1978). In Arrington v. WorkingWoman's Home, 368 So.2d 851 (Ala. 1979), this Court stated further that:
 The scintilla rule is not satisfied by speculation. Rota v. Combs, 267 Ala. 50, 99 So.2d 692 (1957). Moreover, evidence to support undue influence must provide at least a reasonable inference, rather than mere suspicion. Locke v. Sparks, 263 Ala. 137, 81 So.2d 670 (1955).
368 So.2d at 854.
This precise issue was addressed by this Court in Jackson v.Davis, 398 So.2d 242 (Ala. 1981), wherein we were presented with facts remarkably similar to those in the instant case. InJackson, the testator had been living with his brother, Alton Davis, until early July 1978, at which time he moved in with his sister Irene and her husband. Irene cared for him, buying his food, cooking for him, feeding him, doing his laundry, and tending to his personal needs. She also arranged for his transportation when necessary. Although his physical condition was weakened due to lung cancer, there was testimony that this did not affect his mind; that he knew what he wanted and was determined to get it; and that his mind was "very good" at the time the will was executed. He signed the will in August of 1978, nine days before he died. Irene testified that he had told her that he intended to re-write his will in her favor out of gratitude for her help and care. The widow of the testator's deceased brother testified that, sometime during the summer of 1978, she heard Irene ask the testator if he was "going to do what he said he was going to do," to which he responded in the affirmative, collected some papers, and left.
After the court denied Irene's motion for a directed verdict, it submitted the case to the jury, with the only issue being whether Irene had exerted undue influence over the testator. The jury returned a verdict against Irene, and we reversed and remanded, stating:
 The foregoing does not constitute sufficient evidence of undue influence. Indeed, *Page 1163 
there was no evidence whatsoever that Mrs. Jackson pressured the testator, threatened him with abandonment, or in any way at any time forced or otherwise unduly influenced him to write his will in her favor.
 This Court has recently held no undue influence on a set of facts which far more seriously indicated potential undue influence than do the facts in the present case. In that case, Pruitt v. Pruitt, 343 So.2d 495 (Ala. 1977), we stated the following:
 Our cases have consistently held that when undue influence is asserted in a will contest, the contestant has the burden, in order to raise a presumption of undue influence, to prove a dominant
confidential relationship and undue activity in the execution of the will by or for a favored beneficiary. Wilson v. Payton, 251 Ala. 411, 37 So.2d 499 (1948), citing Hyde v. Norris, 250 Ala. 518, 35 So.2d 181 (1948). In other words, evidence must establish: (1) a confidential relationship between a favored beneficiary and testator; (2) that the influence of or for the beneficiary was dominant and controlling in that relationship; and (3) undue activity on the part of the dominant party in procuring the execution of the will. Wilson v. Payton, supra; Alexander v. Alexander, 208 Ala. 291, 94 So. 53 (1922).
. . . .
 These elements of the presumption go far, of course, in proving the principal charge of undue influence which has been defined in Locke v. Sparks, 263 Ala. 137, 140, 81 So.2d 670, 673
(1955):
 Undue influence, must be such as, in some measure, destroys the free agency of the testator, and prevents the exercise of that discretion which the law requires a party should possess as essential to a valid testamentary disposition of his property.
 And it must be kept in mind that not all influence is undue; any influence resulting from sympathy and affection only is not disfavored. See Abrams v. Abrams, 225 Ala. 622, 144 So. 828 (1932).
343 So.2d at 499.
 In the instant case, even assuming that there was a scintilla of evidence of a confidential relationship between Mrs. Jackson and the testator and that Mrs. Jackson was the dominant party in that relationship, there is no evidence that she unduly influenced the testator in drafting his will. Mrs. Jackson's observation of the will's execution and her answer to testator's request for a minor spelling correction does not constitute undue influence as there is no evidence that her presence tended to destroy the testator's free agency, nor does the fact that she lived in the same house with the testator while the will was being drafted and executed. "While this may have presented an opportunity to exercise influence, there is no showing of any activity on the part of [Mrs. Jackson] nor of undue influence per se," Arrington v. Working Woman's Home, 368 So.2d 851, 854
(Ala. 1979) (emphasis original).
398 So.2d at 243-44.
Ray Smith assisted Zadie Smith in much the same way that Irene assisted the testator in Jackson, although not to the same extent. This case is like Jackson: although there might have been an opportunity for Ray to attempt to destroy Zadie's free will, there was no proof that he actually influenced her, or even made an attempt to influence her. Contestants could only offer a statement allegedly made by Zadie to a family member that she had not left her estate to Ray, but had made him the administrator. Arguably, this statement could give rise to a suspicion that Ray had some involvement in procuring the will; a mere suspicion is not enough to warrant a finding of undue influence. Arrington, supra. There has been no showing by contestants that Ray Smith's actions were anything but those of a caring relative who took the place of another caring relative who had died. *Page 1164 
Whether there was undue influence exerted over the testator by a favored beneficiary often hinges on the third element of the test enunciated in Pruitt v. Pruitt, namely, whether there was undue activity in procuring the execution of the will.Rabon v. Rabon, supra; Windham v. Pope, 474 So.2d 1075 (Ala. 1985). In the case before us, contestants have not presented any evidence tending to show that Ray Smith destroyed the free will of the testatrix and substituted his wishes for hers. Moreover, they have failed to offer even a scintilla of evidence that Ray Smith had any involvement with the will, or had any discussions with Zadie Smith about the will until after its execution.
In support of their argument that the trial court was correct in submitting the undue influence issue to the jury, contestants cite Posey v. Donaldson, 189 Ala. 366, 66 So. 662
(1914), and Raney v. Raney, 216 Ala. 30, 112 So. 313 (1927). We are of the opinion that contestants' reliance on these cases in this instance is misplaced. Raney stands for the proposition that, in order to establish undue influence, one need not show activity in the procurement or execution of the will, i.e., employing the attorney, dictating the terms, typing the will or witnessing its execution. Indeed, this Court is in agreement with the holding in Raney; however, that holding does not in any way affect our resolution of the case sub judice. Posey is cited for the proposition that the jury can draw a rational inference from the surrounding circumstances that there was undue influence. The facts in Posey were these:
 The testator was very old and very infirm, and his memory and other mental faculties were failing and sometimes useless; he lived with or was constantly in company with his three sons; his wife, who had previously left him, returned to his home about the time he began to prepare the will, and its provisions were framed in accordance with her suggestions or wishes; she and the sons were not friendly to the granddaughters and their mother, and discouraged their presence with and attentions to the testator; the testator was very fond of his granddaughters, recognized his duty to them as the children of his dead son, and intended to give to them the share of his estate which their father would have received if living; he made repeated declarations of this intention within a few months before the execution of the will; in giving favors to contestants or their mother he concealed the fact from his immediate family in fear of their disapproval or censure; he was harassed and bothered by his family, and especially his wife, with respect to the division of his estate, before and about the time of making the will.
189 Ala. 366 at 368-69, 66 So. 662 at 663. This Court held that, based on all of these facts, the jury might have been able to draw a rational inference that the testator was unduly influenced in the making of his will. The circumstances inPosey are so dissimilar from those presently before us that we are of the opinion that Posey is of little precedential value in the present case. The facts of the instant case would in no way permit a jury to infer that Ray Smith had anything to do with unduly influencing Zadie Smith in the execution of her will. Therefore, the Court erred when it submitted the undue influence issue to the jury.
For all of the above-stated reasons, the judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON and SHORES, JJ., concur. *Page 1165