This is an appeal from a judgment based on a jury verdict in favor of the contestants of a will.
Eliska Marshall Cooper died January 27, 1985, leaving four surviving children: Jesse Marshall, Alexander Marshall, Joseph Marshall, and Sarah Marshall. She was also survived by numerous grandchildren and great-grandchildren; one of the grandchildren is Sarah Marshall's son, Lowery Parker, Jr.
Cooper had written a will in 1982 with the aid of Jesse and of Lowery, whom she had reared as a child and helped put through law school. The will named Jesse and Lowery as co-executors of the will and co-trustees of her estate. The will devised Cooper's "home house," as well as certain personal property, to Sarah; a house and lot located on 15th Street in Tuscaloosa, as well as certain personal property, to Joseph; certain real property located in Arkansas, as well as certain personal property, to Alexander; certain articles of personal property to Jesse; and a house and lot located on 17th Street in Tuscaloosa in fee simple to Lowery. The will also established a family trust with the remainder of her estate. The house left to Sarah is located on the property forming the corpus of the trust, and the will provides for the purchase of a separate house for Sarah so that the entire parcel of property could be used in the trust.
After Cooper's death on April 5, 1985, Lowery filed Cooper's will in the Tuscaloosa Probate Court. On April 25, 1985, Jesse, Alexander, and Joseph filed a notice of contest. The notice alleged the lack of due execution of the will; that the testator, Cooper, was of unsound mind at the time of the making of the will; and that the will was the result of undue influence on Cooper by Lowery. Upon request, and pursuant to Ala . Code 1975, § 43-8-198, the action was transferred to the circuit court. On March 12, 1986, Lowery filed a cross-claim/cross-motion, seeking compensatory and punitive damages, as well as attorney fees. Walter Crownover was appointed guardian ad litem to protect the interests of the minor heirs, and Al Vreeland was appointed special administrator. Upon the contestants' motion, the trial court dismissed the claim that the testator was of unsound mind. The contestants did not present evidence of their claim of lack of due execution. After the contestants had *Page 465 
rested, Lowery moved for a directed verdict on both remaining issues; his motion was granted as to the issue of lack of due execution and was denied as to the issue of undue influence. At the close of all evidence, the jury returned a verdict in favor of the contestants on the issue of undue influence. Lowery filed motions for new trial and JNOV, which were both denied.
Lowery contends that the jury verdict in favor of the contestants should be set aside because, he argues, the contestants failed to meet their burden of proof as stated by this Court in Clifton v. Clifton, 529 So.2d 980 (Ala. 1988):
 "It is well established that the contestant who challenges a will on the basis of undue influence bears the burden of proving such allegations. This burden will not shift to the proponent of the will unless the contestant proffers evidence (1) that a confidential relationship existed between a favored beneficiary and the testator; (2) that the influence of or for the beneficiary was dominant and controlling in that relationship; and (3) that there was undue activity on the part of the dominant party in procuring the execution of the will."
529 So.2d at 983 (citations omitted). This Court has also held:
 "A jury verdict is presumed to be correct and will not be reversed unless the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it is wrong and unjust."
Lynn Strickland Sales Service, Inc. v. Aero-Lane Fabricators,Inc., 510 So.2d 142, 144 (Ala. 1987) (citations omitted).
After a thorough review of the record, we cannot find that the preponderance of the evidence is so against the verdict as to render it wrong or unjust. The evidence presented by the contestants shows that Lowery was one of Cooper's grandchildren. It is undisputed that he held a special position among the grandchildren due to his having been reared by Cooper. He admitted that he gave her legal advice and that he was in possession and control of numerous legal and financial documents of Cooper's, including documents that controlled certain bank accounts in Alabama. To withdraw her funds, Cooper had to obtain these documents from Lowery. There was evidence that Lowery had stated, in conversations with other heirs, that he could get Cooper to do anything he wanted her to do. He was active in the drafting of Cooper's will; there was evidence that, in actuality, Lowery himself drafted Cooper's will and that the Alabama attorney provided no independent counsel for Cooper. The jury could have concluded that Lowery had been unduly active in procuring Cooper's execution of the will. We, therefore, hold that the contestants carried their burden of proving undue influence.
Lowery further argues that the trial court committed reversible error by denying his motion for directed verdict on the issue of undue influence. He claims that by not pursuing their claim of lack of due execution, the contestants waived their claim of undue influence, because the evidence required to prove undue influence also would tend to prove that the will was not duly executed. We disagree.
 "[T]his Court has stated that, in order to survive a motion for a directed verdict, the contestant must present a scintilla of evidence that the favored beneficiary was unduly active in procuring the will."
Smith v. Smith, 482 So.2d 1161, 1162 (Ala. 1985) (citations omitted). After a thorough review of the record, we find that the contestants did present a scintilla of evidence that Lowery was a favored beneficiary and was unduly active in procuring the will. Therefore, the trial court appropriately denied Lowery's motion for a directed verdict and submitted the evidence to the jury.
Lowery also contends that the trial court's refusal to give his requested jury charges 1, 3, and 4 was reversible error. We disagree. Lowery failed to object to the trial court's failure to give his requested jury charges 3 and 4.
 "The general rule is that error, if any, must be presented by properly invoking adverse erroneous rulings of the trial *Page 466 
court. Error may not be argued before the Supreme Court for the first time."
Conley v. Beaver, 437 So.2d 1267, 1270 (Ala. 1983) (citations omitted). Therefore, we need not address this contention as to those requested charges.
Lowery did make an objection, albeit a delayed one, as to the requested jury charge 1. Lowery's requested charge reads:
 "I charge you ladies and gentlemen of the jury that the elements necessary to cause a presumption of undue influence in a Will Contest are (1) a confidential relationship between a favored beneficiary and the testator; (2) a dominant and controlling influence by the beneficiary over the testator; and, (3) undue activity in procuring execution of the Will. (Ruling cited in Pruitt v. Pruitt, 343 So.2d 495 (Ala. 1976), and also restated in Hall v. Hall, 502 So.2d 712 (Ala. 1987), [under] Section 2 of ruling)."
This is a correct statement of the law. The trial court's jury charge read, in part:
 "If you are reasonably satisfied from the evidence that a confidential relationship existed between the testatrix and Lowery Parker at the time of the execution of the will in question and that Lowery Parker participated directly or indirectly in the preparation of the will or execution of the will in which he is named a beneficiary, a presumption of undue influence rises and, in that event, the burden is upon the proponent to reasonably satisfy you from the evidence that the will in question was not directly or indirectly the product of undue influence on the part of Lowery Parker.
 "A confidential relationship exists when two parties stand in such a relation to each other that trust and confidence is justly placed by one person on the other and the other person possesses the influence which naturally grows out of that trust and confidence. Undue influence is influence exerted at any time upon the testatrix which caused her to make a disposition of her property that is contrary to her own free will and desire."
After a careful review of the record, including the entire oral charge given to the jury by the trial court, we conclude that the charge requested by Lowery was substantially and fairly given by the trial court in its general charge to the jury. There was no reversible error.
Finally, Lowery contends that the trial court erred in denying a motion regarding the taking of depositions. We can find no error committed by the trial court in this regard.
In light of the foregoing, we hereby affirm the trial court's judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.