The appellant, Sarah Marshall, challenges the subject matter jurisdiction of the Tuscaloosa Circuit Court to hear a will contest regarding the purported will of the appellant's mother, Eliska Marshall Cooper, which was offered for probate by the appellant's son, Lowery Parker, Jr., in the Tuscaloosa Probate Court. Sarah Marshall's three brothers, Jesse Marshall, Alexander Marshall, and Joseph Marshall, contested the will on the grounds that there was a lack of due execution, that the testator was of unsound mind at the time she made the will, and that the will was the result of undue influence exercised by Parker.
Upon request from the contestants, the probate court transferred the action, pursuant to Ala. Code 1975, § 43-8-198, to the circuit court. The appellant was not named as a party in that contest. At the close of all the evidence, the jury returned a verdict for the contestants on the issue of undue influence. Parker appealed from the resulting judgment, and this Court affirmed. Parker v. Marshall, 549 So.2d 463
(Ala. 1989). On March 27, 1990, Sarah Marshall filed in the circuit court of Tuscaloosa County a motion to vacate the final judgment in Parker on the grounds that the circuit court inParker lacked subject matter jurisdiction in that case. The circuit court denied her motion and she now appeals. We affirm.
The appellant argues that the notice of contest filed by her brothers in Parker was not a pleading within the meaning of §43-8-198. The appellant reasons *Page 1038 
that because the contestants in Parker did not file a pleading when they filed the motion to transfer, they did not comply with the statute. Therefore, the appellant concludes that the circuit court did not have subject matter jurisdiction. We find this reasoning to be in error. Section 43-8-198 mandates that "[u]pon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made."
The requirements of § 43-8-198 must be complied with exactly, because will contest jurisdiction is statutorily conferred upon the circuit court. Simpson v. Jones, 460 So.2d 1282 (Ala. 1984). In Kaller v. Rigdon, 480 So.2d 536 (Ala. 1985), we determined what the "pleading" requirement of the statute entailed. We stated that "the 'initial pleading' for the contestant in a will contest is the filing of the contest itself in the probate court." Id. at 539 (emphasis added). The contestants in Parker
properly filed a notice of contest in the probate court. Therefore, under Kaller that notice of contest served as the "initial pleading" for the contestants. This constituted compliance with the statute, thus giving the circuit court subject matter jurisdiction over the action.
AFFIRMED.
JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.