This is an appeal from a judgment based on a jury verdict in favor of the contestant of a will. It is before this court pursuant to Ala. Code 1975, § 12-2-7(6). *Page 1124 
Hezekiah Jackson IV, the proponent of a document purporting to be the last will and testament of Kenneth Smith, offered that will for probate. Minnie Smith, Smith's mother, contested the will, alleging that Smith lacked the requisite testamentary capacity to execute the will and that Jackson exercised undue influence over Smith in the making of the will. The jury returned a verdict in favor of the contestant. Jackson filed motions for JNOV and for a new trial, which were denied. Jackson appeals.
The record reflects that Jackson moved in with Smith in 1988. Smith was diagnosed with HIV in 1989. Smith suffered a massive heart attack in 1992. He became increasingly ill and began taking large amounts of medicine.
In August 1993 Smith executed a will. Jackson had drafted the will and had given to himself a power of attorney. That will left all of Smith's estate to Jackson. Jackson was also a witness to the will.
Smith died in June 1994. The death certificate reflects that Smith died from gastrointestinal bleeding and AIDS. Thirteen days before Smith's death, he allegedly transferred by deed all of his real property to Jackson. Prior to that time, Smith allegedly designated Jackson as the beneficiary of one or more of his life insurance policies.
Smith was 61 years of age at the time of his death. Jackson was approximately 34 years of age. Jackson testified that he had also made claims against two of his former friends' estates.
Smith's sister testified that Smith was not of sound mind in August 1993. She testified that at that time "he was real drowsy and sat in the chair and dropped his head and that he was sleepy a lot, barely spoke above a whisper, and when he walked, he kind of shuffled, the little bit that he could walk." She testified that she saw her brother everyday during that period and that she was very close to him. She stated that her family was never ashamed of his sexual preference.
Smith's brother also testified. He stated that, in his opinion, Smith was not of sound mind in August 1993. The brother stated that Smith's health condition in 1994 was "very bad and [Smith] was not able to express himself, not talking, mostly nodding, very weak, very little movement, and he could not walk much at all and needed assistance in getting in and out of the bed and bathing."
Smith's medical records reflect his debilitated condition and the powerful medications he was taking prior to and subsequent to the execution of the will. (Because of the nature of some of the evidence, we do not consider it necessary to relate it here.)
A jury verdict is presumed correct and the judgment based on that verdict will not be reversed unless the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it is wrong and unjust. Parker v.Marshall, 549 So.2d 463 (Ala. 1989).
After a thorough review of the record, we cannot find that the preponderance of the evidence is so against the verdict as to render it wrong or unjust. The medical records and the testimony of Smith's family members and of his preacher support the jury's verdict that Smith lacked testamentary capacity at the time the will was executed and at the time the other transactions were accomplished. Howard v. Crowder, 496 So.2d 31
(Ala. 1986).
We also find that the evidence supports the jury's verdict as to undue influence upon Smith by Jackson. To meet the burden of proof on that issue, the contestant must have proven that a confidential relationship existed between Smith and Jackson, that Jackson's influence was dominant and controlling in that relationship, and that there was undue activity on the part of Jackson in procuring the execution of the will.Parker.
It was undisputed that Jackson and Smith shared a confidential relationship. It was also undisputed that Jackson drafted all of the documents conveying Smith's property to Jackson and that Jackson was a witness to the will. There was enough evidence in the record for the jury to have concluded that Jackson had been unduly active in the procurement of the will. Parker. We find that the contestant presented substantial evidence *Page 1125 
of undue influence by Jackson over all phases of Smith's life.
Jackson raises other issues concerning certain jury charges. He did not object to the giving, or the failure to give, those charges. His arguments are, therefore, not preserved for our review.
The jury's verdict was supported by the preponderance of the evidence. The trial court's denial of Jackson's JNOV and his motion for a new trial was without error. The judgment is affirmed.
The verdict of the jury and the judgment of the trial court are affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.